# WILLIAM J. EVANS

*v.*

## THE PEOPLE *ex rel.* Charles Kern, Collector.

*Filed at Ottawa November 24, 1891.*

1. SPECIAL ASSESSMENT—*affidavit of service of notice.* The affidavit· showing that a copy of the notice of the application for the confirma-· tion of a special assessment may be made by one or more of the com- missioners, and this is not affected by the fact that the affidavit must state that the notice has been sent to the owner whose premises have · been assessed and whose name and place of residence are known to· them.

2. SAME—*notice of application for confirmation—certificate of pub- lication.* Under section 27, article 9, of chapter 24 of the Revised Stat- utes of 1874, the commissioners making a special assessment were · required to give notice of their application for the confirmation of their roll, "by publishing the same at least five successive days in some · daily newspaper." A certificate of publication of such notice, that it· "has been published five times," giving the dates of the first and last of the paper containing the same, is fatally defective, and gives no juris- diction to the court to confirm the assessment.

APPEAL from the County Court of Cook county; the Hon. FRANK SCALES, Judge, presiding.

Mr. CONSIDER H. WILLETT, for the appellant.

Mr. C. A. DIBBLE, Mr. E. S. METCALF, and Mr. JOHN S. MIL- LER, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court :

This was an application for an order for the sale of certain· real estate in the city of Chicago for the payment of a delin- quent special assessment. The objector made no appearance· to the application for judgment of confirmation of the special assessment, but he appeared and resisted the present appli- cation, upon the ground that the county court did not have·

jurisdiction to render the judgment of confirmation. The court overruled the objection, and this appeal brings that ruling before us for review.

It is enacted by section 27, article 9, chapter 24, of the Revised Statutes of 1874, that notice of intention to apply for confirmation of special assessment shall be given: "First, they shall send by mail to each owner of premises assessed whose name and place of residence are known to them, notice substantially in the following form: (Here follows form of notice.) Second, they shall cause at least ten days' notice to be given, by posting notices in at least four public places, etc., and by publishing the same at least five successive days in some daily newspaper."

The contentions of counsel for appellant are: First, the affidavit showing that a copy of the notice was sent by mail to appellant is that of one of the commissioners, only; and second, the certificate of publication in a daily newspaper fails to show publication for five successive days.

The first of these is clearly untenable. The statute (sec. 28, art. 9, chap. 24, Rev. Stat. 1874,) only requires the affidavit of "*one or more*" of the commissioners, leaving it in their discretion whether the affidavit shall be by one, only, or by more than one. Nor is this affected by the circumstance that the affidavit must state that the notice has been sent "to the owner whose premises have been assessed and whose name and place of business are known to them," etc., for it is not perceived why the affidavit of one may not as truthfully state this as the affidavit of all.

The other contention must be sustained. It will have been observed the requirement of the statute is, that notice by publication shall be by "publishing the same at least *five successive days,* in some daily newspaper." The certificate of publication is merely that the notice "has been published *five times* in the *Chicago Mail,* a daily newspaper printed and published in the city of Chicago, in said county, and that the date

of the first paper containing the said published notice was the 29th day of January, A. D. 1891, and that the date of the last paper containing the same was the 3d day of February, A. D. 1891." But since many daily newspapers print and publish second editions of the same day, it can not follow that because a notice has been published in a daily newspaper five times, each publication was on a different day. For aught that here appears this notice may have been published two or more times in different editions of the paper printed and published on the same day. The certificate should have followed the statute, and shown a publication on *five successive days.*

The judgment is reversed and the cause remanded.

*Judgment reversed.*