E. R. CHANDLER

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Filed at Ottawa March 28, 1896.*

TAXES—*judgment against property for special assessment—defense of want of publication.* Judgment for sale of property for a special assessment cannot be awarded where the judgment confirming the assessment was rendered on default, and the certificate of publication for such confirmation shows the notice was published "five times" instead of "on five successive days."

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, for appellant.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from the application for a judgment for sale of certain real estate in the city of Chicago for payment of delinquent special assessment warrant No. 19,949. The objector made no appearance to the application for judgment of confirmation of the special assessment, but he specially entered his appearance and resisted the present application for judgment upon three grounds, the third of which is as follows:

"*Third*—That the certificate of publication for the confirmation of the assessment is void, and the court in this application for judgment has no jurisdiction, because such certificate certifies that publication was made five times, instead of five successive days."

We think that the objection thus made is well taken. In *Evans* v. *People ex rel.* 139 Ill. 552, there was an application for an order for the sale of certain real estate in the city of Chicago for the payment of a delinquent special assessment. The objector made no appearance to the application for judgment, but appeared and resisted the

application for an order for sale, upon the ground that the county court did not have jurisdiction to render the judgment of confirmation; and one of the reasons assigned for the objection that there was a want of jurisdiction was, that the certificate of publication in a daily newspaper failed to show publication for five successive days. In regard to this objection we there said (p. 553): "The other contention must be sustained. It will have been observed the requirement of the statute is that notice by publication shall be by 'publishing the same at least five successive days in some daily newspaper.' The certificate of publication is merely that the notice 'has been published *five times* in the Chicago *Mail*, a daily newspaper printed and published in the city of Chicago, in said county. * * * But since many daily newspapers print and publish second editions of the same day, it cannot follow that because a notice has been published in a daily newspaper five times, each publication was on a different day. For aught that here appears this notice may have been published two or more times in different editions of the paper printed and published on the same day. The certificate should have followed the statute and shown a publication on five successive days."

The certificate of publication in the case at bar is exactly the same as that which was condemned in the case of *Evans* v. *People ex rel. supra.* The language used in reference to the certificate in that case is precisely applicable to the certificate here, and accordingly the third objection should have been sustained by the county court.

For the error in overruling the third objection, the judgment of the county court is reversed, and the cause is remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*