H. TOBERG *et al.*

*v.*

THE CITY OF CHICAGO.

*Filed at Ottawa January 19, 1897.*

1. SPECIAL ASSESSMENTS—*certificate reciting that notice was published "five times" is insufficient.* A certificate of publication reciting that a notice of assessment and final hearing had been published "five times" is insufficient, as not showing a compliance with the statute requiring such notice to be published at least "five successive days." (Laws of 1885, p. 62.)

2. SAME—*sufficient certificate of publication necessary to valid judgment of confirmation.* A judgment of confirmation cannot be sustained, on appeal, though the defendants were defaulted at the hearing, where the certificate of publication of notice required by statute is insufficient.

WRIT OF ERROR to the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

MAHER & GILBERT, for plaintiffs in error.

Per CURIAM:   This record is brought before us by plaintiffs in error to reverse the judgment of the county court of Cook county, entered in a special assessment proceeding against certain of their real estate, to pay the cost of curbing with curb-walls, filling, and paving with wooden blocks, Leavitt street, from West Eighteenth street to Blue Island avenue, in the city of Chicago. No briefs have been filed by defendant in error. Plaintiffs in error did not appear in the court below, and judgment was entered by default.

It is pointed out that the certificate of publication of the notice of the assessment and of the final hearing is insufficient to show due publication of the notice as required by the statute. This point is well taken. The certificate states that the notice "has been published *five times* in," etc., stating also the date of the first and last publications. The statute provides that the notice shall be published at least "*five successive days*," and as was said in *Evans* v. *People ex rel.* 139 Ill. 552, "for aught that here appears this notice may have been published two or more times in different editions of the paper printed and published on the same day. The certificate should have followed the statute, and shown a publication on *five successive days*." To the same effect is *Chandler* v. *People ex rel.* 161 Ill. 41. For this error the judgment is reversed and the cause remanded.                   *Reversed and remanded.*