EDWIN A. CASEY

v.

THE PEOPLE ex rel. Kochersperger, County Treasurer.

*Filed at Ottawa January 19, 1897.*

1. SPECIAL ASSESSMENTS—*requisites of certificate of publication of notice.* A certificate by special assessment commissioners that notice of application to confirm was published "five times" in a daily newspaper, the first and last papers containing the notice being dated, respectively, April 30 and May 5 following, does not show compliance with the statute, which requires publication on five successive days.

2. SAME—*judgment of confirmation cannot be collaterally attacked on application for sale.* The recitals in a judgment confirming a special assessment that "all the requirements of the statute" as to notice have been complied with, and that "due notice as required by law" was given by publication, etc., are not overcome by a defective notice or certificate of publication found in the record.

3. COLLATERAL ATTACK—*it is presumed the court heard evidence to sustain its finding.* It will be presumed that the court heard and acted upon sufficient evidence to sustain its finding, where the same is brought into question in a collateral proceeding.

APPEAL from the County Court of Cook county; the Hon. O. N. CARTER, Judge, presiding.

WILLIAM J. DONLIN, and CHARLES T. MASON, for appellant.

JOHN D. ADAIR, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an appeal from a judgment of sale for a delinquent special assessment for the improvement of Frankfort street, in the city of Chicago.

But one question is raised on the record, and that is, whether or not the judgment of confirmation of the assessment was void for want of a sufficient certificate of the publication of the notice published by the commissioners. The certificate states that the notice was pub-

lished five times in *The Chicago Mail*, a daily newspaper printed and published in the city of Chicago in said county; that the date of the first paper containing the notice was the 30th day of April, 1891, and that the date of the last paper containing it was the 5th day of May following, failing to show that the publication was upon five successive days. That this certificate was fatally defective has been decided in *Evans* v. *People ex rel.* 139 Ill. 552, followed in *Chandler* v. *People ex rel.* 161 id. 41.

But counsel for the People, conceding this to be true, insists that on this record the question does not necessarily arise, and in this position he must be sustained. The proceedings in the special assessment case, including the judgment of confirmation, were introduced in evidence upon the hearing by the objector. The judgment confirming the assessment recites that the commissioners had "complied with all the requirements of the statute as to posting and sending notices to the owners of the property assessed, and *that due notice, as required by law*, has been given by publication of this application and of the making and return of said assessment and of the time for the final hearing thereon." That this recital can not be overcome by a defective notice or certificate of publication found in the record has been often held by this court. (*Barnett* v. *Wolf*, 70 Ill. 76; *Harris* v. *Lester*, 80 id. 307; *Sloan* v. *Graham*, 85 id. 26; *Hertig* v. *People*, 159 id. 237; *Dickey* v. *People ex rel.* 160 id. 633.) In the *Hertig case* it was insisted, as it is here, that the publisher's certificate to the notice for confirmation of the assessment was insufficient, and we held the appellant could take no advantage of the defect in that collateral proceeding, "for in such case the presumption would be that the court heard and acted upon other and sufficient evidence to sustain the finding."

On the authority of the above cases the judgment of the court below must be affirmed.        *Judgment affirmed.*