## FRANK O. YOUNG

*v.*

## THE PEOPLE *ex rel.* Kochersperger, County Treasurer.

*Opinion filed February 14, 1898.*

1. SPECIAL ASSESSMENTS—*recital of jurisdictional facts in confirmation judgment is conclusive in collateral proceeding.* A recital in a confirmation judgment that the commissioners appointed by the court had complied with the law as to posting, publishing and mailing notices, is a finding by the court of facts giving it jurisdiction over property assessed, and is conclusive in a collateral proceeding.

2. SAME—*what not sufficient to impeach recital of jurisdictional facts.* A recital in a confirmation judgment that the commissioners appointed had complied with the law as to posting, publishing and mailing notices, cannot be impeached, in a collateral proceeding, by the publisher's certificate and the affidavit of mailing notices, which shows that the name of one of the persons acting did not correspond with the name of any commissioner appointed.

3. SAME—*the want of jurisdiction, to be available for collateral attack, must appear upon the face of the record.* The want of jurisdiction to confirm a special assessment by reason of the commissioners' failure to conform to the requirements of the law concerning matters preliminary to the application for judgment of confirmation, must appear upon the face of the record to be available for collateral attack upon the judgment.

4. ESTOPPEL BY VERDICT—*one invoking an estoppel by verdict has the burden of proof.* The burden of establishing an estoppel by verdict is upon him who invokes it, and if there is any uncertainty in the record concerning the matters litigated and determined in the former suit, the whole subject matter is open to further litigation, unless such uncertainty is removed by extrinsic evidence.

5. SAME—*what must be shown to establish an estoppel by verdict.* In order that a prior judgment shall be held to operate as an estoppel in a subsequent suit between the parties, it must appear, from the face of the record or by extrinsic evidence, that the precise matter claimed to have been adjudicated was raised and determined in the former suit.

6. SAME—*when prior judgment will not operate as an estoppel in a subsequent proceeding.* A judgment of the county court refusing sale for a delinquent installment of a special assessment will not operate as an estoppel upon the parties, on application for sale for another installment of the same assessment, where the evidence fails to show the former judgment or that the controlling facts were the same in each case.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

FRANCIS A. RIDDLE, GEO. McA. MILLER, and FRANK B. DYCHE, for appellant:

Section 27 of the act under which the assessment in this case is made, requires the commissioners to give notice of such assessment and the term of court at which a hearing will be had. Unless the notice required by the statute has been given, the court has no jurisdiction to confirm the assessment. The land owner, when notified by the commissioners, as provided by the statute, is bound to appear and make his defense, and if he fails, the judgment of confirmation will be conclusive on him. But he is under no obligation to pay any attention to a notice given by persons other than the commissioners who have been appointed to make the assessment. *McChesney* v. *People,* 148 Ill. 221; *Boynton* v. *People,* 155 id. 66; *Adcock* v. *People,* 160 id. 611; *Casey* v. *People,* 159 id. 269.

Recitals do not bind as to service, when the service shown by the record shows how the service was made. *Robinson* v. *Fair,* 128 U. S. 87.

Presumption in favor of recitals may be made unless contradicted by the record. *Galpin* v. *Page,* 18 Wall. 336.

In case a demand is payable in installments, any issue contested and adjudicated in an action upon one becomes *res judicata* in suit upon another. 2 VanVleet on Former Adjudications, 725.

The question as to whether a lease was assigned (which question was adjudicated in a suit for the first installment of rent) cannot be litigated in a suit for other installments. *Walker* v. *Chase,* 53 Me. 258; *Fellow* v. *Smith,* 88 Ind. 149; *Wiese* v. *SanFrancisco,* 82 Cal. 645; *Cleveland* v. *Crevison,* 93 Ind. 31; *Black River, etc.* v. *Edwards,* 76 Mass. 387; *Lorillard* v. *Clyde,* 122 N. Y. 41; *Rake* v. *Pope,* 7 Ala. 161; *Louisiana* v. *Orleans,* 3 La. Ann. 394; *Bissell* v. *Spring,*

124 U. S. 225; *Altman* v. *Mount*, 62 Iowa, 674; *Lobdell* v. *Chidester*, 84 Ala. 508.

NEWMAN, NORTHRUP & LEVINSON, for appellee:

Where a court finds, in its decree or judgment, that it has acquired jurisdiction by publication, it will be presumed, in a collateral proceeding, that there was sufficient evidence before the court to warrant the judicial finding. *Dickey* v. *People*, 160 Ill. 636.

Where service is by publication, parol evidence may be received to prove that the notice was published. The printer's certificate is not declared by the statute to be the only means of proving the publication. Such a certificate, found among the papers in a cause, even though insufficient on its face to show a proper publication, will not overcome the finding of the court when it declares, in its decree or judgment, that it had acquired jurisdiction by publication. It will be presumed, in such case, that the court acted on other and sufficient evidence to sustain its finding. *Reedy* v. *Camfield*, 159 Ill. 254.

Mr. JUSTICE WILKIN delivered the opinion of the court:

An application was made by the county collector of Cook county for a tax judgment against the lands of appellant on account of a delinquent third installment of a special assessment levied by the village of North Harvey.

One of the objections filed is, that the court confirming the assessment roll was without jurisdiction. On the hearing, judgment was rendered as prayed. This, it is claimed, was error, for the reason that the evidence reveals the fact that the persons who acted as commissioners and made the assessment are not the persons who were appointed by the court for that purpose. The judgment of confirmation was introduced, and it contains a recital that the commissioners heretofore appointed by the court to make the assessment have in all things com-

plied with the law as to the posting, publishing and mailing of notice. This is a finding by the court as to the existence of the facts which gives it jurisdiction over the property specially assessed in that proceeding. Such a finding, under our decisions, is conclusive in a collateral proceeding.

It is claimed, however, that this recital is overcome by the production of a publisher's certificate and two affidavits, and the exhibits thereto attached. The order of the county court shows that D. J. McMahon, Charles E. Smith and William Lee were appointed as such commissioners. The notices attached to said affidavits and certificate purport to have been given by H. Moynihan, Charles E. Smith and William Lee. The trial court admitted the said papers in evidence, but on the hearing evidently considered them insufficient to overcome the recital, its finding being in favor of the people. This conclusion was correct. The affidavits and certificate were, at most, merely evidence, or, as the statute says, "*prima facie* evidence," on which the court may or may not have acted in arriving at its finding in the special assessment proceeding as to its jurisdiction. These papers cannot be permitted, on a collateral attack, to contradict and overthrow the solemn judgment of the court. *Casey* v. *People*, 165 Ill. 49; *Hertig* v. *People*, 159 id. 237.

The two cases of *McChesney* v. *People*, 145 Ill. 614, and 148 id. 221, are cited as maintaining a contrary rule. This is a misapprehension. It is true that in those cases the lack of jurisdiction was treated as shown by the affidavit and certificate; but as we have heretofore said, speaking of these cases: "No point was made or considered that the judgment of confirmation could not be thus attacked in a collateral proceeding, but in the case at bar it is made and must be sustained." (*Dickey* v. *People*, 160 Ill. 633.) A failure to give notice as required by the statute is fatal to the jurisdiction to confirm the roll. An assessment roll made by persons other than those appointed by

the court for that purpose is likewise fatal to the jurisdiction; but this want of jurisdiction must be made to appear on the face of the record itself, otherwise it can not be taken advantage of in a collateral proceeding.

Counsel have also discussed the question of whether a judgment in favor of the objector, on an application for judgment for a prior delinquent installment of the same assessment, is *res judicata* here. We held in the recent case of *Markley* v. *People*, (*ante*, p. 260,) that the holding of the county court that the ordinance under which the assessment was levied was void on an application for judgment for a former delinquent installment operated as an estoppel in the subsequent case. But there are two obstacles in the way of applying that rule here. First, the evidence does not show the judgment which it is claimed constitutes the former adjudication. A minute on the clerk's docket is not the judgment, and that is all the record shows. Second, the evidence does not show that the controlling question or fact is the same in both cases. "The burden of establishing an estoppel is upon him who invokes it.   *   *   *   In order that the judgment should operate as an estoppel it must either appear upon the face of the record or be shown by extrinsic evidence, that the precise question was raised and determined in the former suit.   *   *   *   If there be any uncertainty on this head in the record,—as, for example, if it appear that several distinct matters may have been litigated, upon one or more of which the judgment may have passed, without indicating which of them was thus litigated and upon which the judgment was rendered,—the whole subject matter of the action will be at large and open to a new contention, unless this uncertainty be removed by extrinsic evidence showing the precise point involved and determined." *Sawyer* v. *Nelson*, 160 Ill. 629 (at p. 631.)

The judgment must be affirmed.

*Judgment affirmed.*