HALL *v.* COLLINS.

| 117 | 617 |
| --- | --- |
| f123 | 238 |
| 117 | 617 |
| 127 | 299 |

1. TAX SALES—WHO MAY MAKE.

    Tax sales, under the statute, must be conducted by either the county treasurer or his legally appointed deputy, and a sale made by a mere clerk in the office of the treasurer is void.

2. SAME—OFFICER AS AGENT FOR PURCHASER.

    An officer making a tax sale, and bound by the statute to realize the tax from the sale of as small an interest in the land as possible, cannot bid in the premises as agent for another.

Appeal from Roscommon; Sharpe, J. Submitted June 7, 1898. Decided July 12, 1898.

Bill by Alice A. Hall and others against William Collins and Eugene Kiely to set aside a tax deed. From a decree for complainants, defendants appeal. Affirmed.

*George L. Alexander*, for complainants.

*Henry H. Woodruff*, for defendants.

MOORE, J. This is a proceeding in chancery, in which complainants obtained a decree setting aside, upon the payment of the taxes due, a tax deed upon certain lands described in the bill of complaint. The defendants appeal from the decree. A good many reasons are alleged in the bill of complaint why the deed should be set aside. It will not be necessary to consider them all. The record shows that the sale was not conducted by the county treasurer or a deputy county treasurer, or that either of them was present, but it was conducted by the defendant Kiely, who was acting as the clerk of the county treasurer. The sale occurred in May, 1893. The record shows that in March, 1893, the defendant Mr. Collins, who was the brother-in-law of Mr. Kiely, left money with him, and

requested him to bid in these lands for Mr. Collins, who was then living on a farm belonging to Mr. Kiely. This was done by Mr. Kiely, Mr. Collins not attending the sale, or making any bid except as it was made for him by Mr. Kiely. The lands were afterwards conveyed by Mr. Collins to Mr. Kiely.

Section 521, 1 How. Stat., provides that the county treasurer may appoint a deputy, who, in the absence of the county treasurer, may perform his duties. Section 1 of article 18 of the Constitution provides that certain officers, among whom are county treasurers, shall take the oath of office before entering upon their duties. Section 62, Act No. 195, Pub. Acts 1889, and section 62, Act No. 200, Pub. Acts 1891, provide that the county treasurer shall make the sales of lands under tax decree, and that "sale shall be made to the person offering to pay the amount charged against such parcel in the decree, and accept a conveyance of the smallest undivided fee simple interest therein," and that "no greater interest in any parcel shall be sold than is sufficient to pay the amount of the tax on which the same is sold," etc. They also provide that the county treasurer, in his discretion, may require immediate payment of any person to whom land is sold. The making of these sales is made the official duty of the county treasurer. Official acts must be performed by an officer. We do not intimate that a clerk may not be employed to assist in conducting these sales; but the authority to make them is given to the county treasurer, and they should be conducted by him, or by his legally appointed deputy, or under his direction.

It has already been seen that it is the duty of the officer conducting the sale to sell as small a portion of the land as possible, and yet realize the amount of the tax assessed against it. This duty cannot be harmonized with the duty an agent owes to his principal who is a bidder at tax sales, whose interest is to procure the entire parcel for the amount of the tax. In *Leaton* v. *Murphy*, 78 Mich. 77, it was held that sales for delinquent taxes are governed by

the rules relating to judicial sales. In *Clute* v. *Barron*, 2 Mich. 192, it was held that a county treasurer could not himself become a purchaser at tax sales conducted by him. In *Dwight* v. *Blackmar*, Id. 330 (57 Am. Dec. 130), it was held that an administrator could not become a purchaser of the estate or effects of his intestate. The provision of the statute in requiring the tax to be made from the sale of as small a portion of the parcel of land as possible is in the interest of the taxpayer. It is the duty of the treasurer to take care of that interest. He ought not to act for a purchaser, because the two interests are conflicting. See 27 Am. & Eng. Enc. Law, 200. The conclusion that Mr. Kiely and Mr. Collins were acting in concert is not an unreasonable one.

The decree made by the circuit judge is affirmed, with costs.

The other Justices concurred.