ELDRIDGE *v.* RICHMOND.

1. TAX SALES—NOTICE—SUFFICIENCY OF PUBLICATION.

The auditor general's petition in a tax proceeding need not be published for 10 days prior to the day fixed for the hearing, in addition to the four weeks required by Act No. 162, Pub. Acts 1895, § 66, although that section requires a contesting party to file objections at least 10 days prior to the day of hearing; it being further provided that objections may be filed within five days after the hearing, if the party was prevented from filing them before without fault on his part.

2. SAME—STATE LANDS—RIGHTS OF PURCHASER.

A purchase of state tax lands is effected when application therefor is made to the auditor general, accompanied by a

deposit of the full amount due; and hence, where this was done prior to the time when Act No. 229, Pub. Acts 1897, went into effect, providing that one thereafter purchasing such lands should have no right to recover the possession thereof without first serving a specified notice upon the original owner, the purchaser was not within the act, although neither his deed nor certificate of purchase issued until after the act had become operative.

Error to Oceana; Russell, J. Submitted January 6, 1899. Decided July 5, 1899.

Ejectment by Minnie B. Eldridge against Edgar D. Richmond and Lydia L. Richmond. From a judgment for defendants, plaintiff brings error. Reversed.

*James H. McFarlan,* for appellant.

*L. M. Hartwick* and *Wallace Foote,* for appellees.

GRANT, C. J. Two questions are presented by this record:

1. Under section 66, Act No. 162, Pub. Acts 1895, must the petition in tax proceedings be published for 4 weeks and 10 days next prior to the hearing? The question must be answered in the negative. The language of the statute is that a copy of the petition shall "be published at least once in each week for four successive weeks next prior to the time fixed for the hearing thereof." Such publication was had. The defendants contend that, because another provision of the same section requires a contesting party to file objections at least 10 days prior to the day fixed for the hearing, the notice must be published 4 weeks before this period of 10 days commences; otherwise, one who sees the advertisement on or after its last publication would be deprived of the benefit of the 10-day provision. The statute provides for such a contingency by giving the right to appear and file objections within 5 days after the hearing, if one has been prevented from filing his objections before without any fault on his part.

2. Did plaintiff acquire her tax title to this land after August 29, 1897? On August 30th, Act No. 229 of the Public Acts of 1,897 took effect. That act required notice to be served upon the owner of the land before a writ of assistance or other process for the possession of the land could be obtained. That act applied only to sales made after the law went into effect. If purchase was not made until after this law took effect, plaintiff could not maintain her suit. A question of fact is involved, which the learned circuit judge found against the plaintiff. We think he was in error. The tax deed was dated October 11th, and recited the purchase as having been made on the 3d of August. On October 11th a tax certificate was issued to the plaintiff, on the foot of which was written, "Deeded October 11th." At the head of it was written the number of the application, and "Filed August 3, 1897." The auditor general made a report to the county treasurer of state tax lands sold during the month of October. In such report was this description reported as sold to plaintiff. Above her name appeared the letters and figures: "App. 8-3-97. No. 31,093." These words and figures mean "application dated August 3, 1897." The application was made by James H. McFarlan, who subsequently assigned to plaintiff. We think it conclusively appears that application and payment were made on August 3d. This was all that was necessary to complete the purchase. It is urged that the minds of the applicant and the auditor general did not meet until the latter had investigated and determined whether the land was subject to sale. The mind of the auditor general is of no consequence. He is not clothed with any discretion. His act is purely ministerial. The deposit with him of the amount due, and the application, complied with the law, and rendered the purchase complete. The subsequent acts of issuing a certificate, or executing a deed, or both, are mere ministerial acts, necessary to evidence title. The title which the State has becomes absolute by application and payment. The fact that the auditor general reported the sale as in October is not in conflict with the other undisputed facts.

Judgment reversed, and entered in this court for the plaintiff; and, as the case is ejectment, it will be remanded to the court below for further proceedings.

The other Justices concurred.