HOFFMAN *v.* PACK, WOODS & CO.

1. TAX DEEDS—VALIDITY—COLLATERAL ATTACK.

A tax deed cannot be attacked collaterally upon the ground that the land was held by the State under former bids at the time of the filing of the auditor general's petition, and was therefore improperly included therein. *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 87, followed.

2. SAME—LOSS OF FILES.

Nor will it be defeated, in a collateral proceeding, by the fact of the loss from the files of the proof of publication of the petition and order of hearing, or of the county treasurer's report of sale.

3. SAME—FAILURE TO RECORD DECREE.

Nor is it void for failure of the clerk to record the decree. *Hooker* v. *Bond*, 118 Mich. 255, followed.

4. SAME — AUTHORITY TO ISSUE DEED — CONSTITUTIONAL LAW — REMEDIAL LEGISLATION.

Conceding that, under the saving clause (section 111) in the tax law of 1891, conveyances of the State's interest in lands thereafter bid off to it for taxes delinquent at the time the act became operative (*i. e.*, the taxes of 1889 and 1890) should have been executed by the auditor general, and not by the county treasurer, deeds issued by the treasurer under such circumstances were expressly validated by section 124 of the tax law of 1893; and, the State having the right to dispose of its lands in such manner as it should see fit, such legislation is not open to the constitutional objection referred to in *Hall* v. *Perry*, 72 Mich. 202.

Error to Iosco; Simpson, J. Submitted October 4, 1899. Decided February 20, 1900.

Replevin by Wesley L. Hoffman against Pack, Woods & Company and the Oscoda Boom Company. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Phillips & Jenks,* for appellant.

*C. R. Henry* ( *G. L. Alexander, O. E. McCutcheon,* and *De Vere Hall,* of counsel), for appellees.

MONTGOMERY, C. J.   This is an action of replevin to recover logs cut from land in Crawford county, of which the plaintiff's assignor, John M. Hoffman, appears to have held the original title.   The defendants claim title to the logs through John Rasmusson, who held tax titles for the years 1875 to 1889, inclusive, and who cut the logs in 1894, and sold the same to defendants.   The circuit judge sustained the tax titles for the years 1885, 1886, and 1889, and directed a verdict for defendants for the value of the logs, with interest, the return of the property having been waived.

The objections made to the title based on the taxes assessed in 1889 will be first considered.   These objections are:

1. That the land, having been bid in by the State for the previous years, and being still held by the State, should not have been included in the petition.

2. That there was on file no proof of publication of the petition and notice of sale, or entry on the calendar showing that such papers were filed.

3. That no report of sale was found in the clerk's office.

4. That the decree was not entered of record.

The first of these objections cannot be raised collaterally.   *Peninsular Sav. Bank* v. *Ward,* 118 Mich. 87, 93 (76 N. W. 161, 79 N. W. 911).

As to whether there was proof of publication of the petition and notice of sale was a question of fact.   The present clerk testifies that he failed to find these papers in his office, or any calendar entries showing that they were filed.   John Nederer, who was deputy clerk when the proceedings were had, testified that an affidavit of publication was filed before the hearing of the petition.   The decree recites that such publication was had.   It appears that, at the close of the testimony, the plaintiff's attorney

requested the circuit judge to direct a verdict, evidently considering the question one for the court. It would appear from the testimony, which is uncontradicted, that the proof of publication was duly filed, but has since been lost or mislaid. The loss of papers cannot, in a collateral proceeding, be held to have defeated the jurisdiction. Rorer, Jud. Sales (2d Ed.), § 62; *Casey* v. *People,* 165 Ill. 49 (46 N. E. 7); *Stoddard Manfg. Co.* v. *Mattice,* 10 S. Dak. 253 (72 N. W. 891).

The objection that the decree was not entered in the decree book is answered by the decision in *Hooker* v. *Bond,* 118 Mich. 255 (76 N. W. 404). The recording of the decree is the act of the clerk, and his omission does not invalidate a decree properly signed.

The claim that no report of sale was filed rests upon the fact that no such report is now found; but the county treasurer and deputy clerk both testify that such a report was filed in proper time, and this is corroborated by the fact that the record of the account between the county clerk and county treasurer shows the entry of items which must have been taken from the report.

The only remaining objection to the title derived under the decree is that the conveyance of the State's title was made by the county treasurer, and not by the auditor general. The sale was made under Act No. 200, Pub. Acts 1891, and it is contended that the authority conferred upon the county treasurer did not extend to the assessments of 1889; that, as to the title derived under the sale for taxes of that year, the saving clause in the statute of 1891 left the act of 1889 in force. If this be conceded, Act No. 206, Pub. Acts 1893, § 124, validates deeds made by county treasurers. It is contended that the legislature did not possess the power to validate sales by county treasurers. We think this objection without force. Cooley, Const. Lim. (6th Ed.) 469, 470. The case of *Hall* v. *Perry,* 72 Mich. 202 (40 N. W. 324), is unlike this. In that case the sale attempted to be validated was a sale of the interest of the original owner in a proceeding

*in invitum.* The court held that the sale, having been void, could not be validated by subsequent legislation. In this case the title had vested in the State. The right to sell depended on the will of the State expressed by effective legislation. If it had the right to sell, it had the right to adopt or validate a sale already made. We think the title of defendants was made out under this tax deed, and it becomes unnecessary to consider the others.

The judgment is affirmed.

The other Justices concurred.