### WAIT v. GARDINER.

STATE TAX LANDS—PURCHASE BY COUNTY TREASURER.
    The duties of the county treasurer and his deputies in relation to keeping lists of lands subject to purchase as State tax lands, and furnishing information therefrom to the public, are such as to preclude either of them, on the ground of public policy, from purchasing such lands from the State.

Appeal from Clare; Dodds, J. Submitted January 12, 1900. Decided March 6, 1900.

Petition by R. A. Wait against Joseph W. Gardiner for a writ of assistance. From an order granting the writ, respondent appeals. Reversed.

*George J. Cummins*, for petitioner.
*J. H. Canfield* and *C. W. Perry*, for respondent.

LONG, J. This is a petition for a writ of assistance. The lands in question were returned delinquent for the taxes of 1892, sold, and bid in by the State. In January, 1897, the petitioner purchased the State bid, and now asks, by his petition, to be put in possession of the lands. The answer sets out, among other things, that, at the time the petitioner purchased the State bid, he was the deputy county treasurer of Clare county (being the county

wherein said lands are situate), and that his purchase
of the same was void by reason thereof. It is conceded
that the petitioner was deputy county treasurer at that
time.    The court below granted the writ as prayed, and
from such order the respondent appeals.

We think the court below was in error. The county
treasurer and his deputies have certain duties to perform
for and in behalf of the public, which preclude them from
becoming purchasers of such State bids. The records of
sales are kept in the treasurer's office.   Certainly neither
the treasurer nor his deputies can become purchasers at
the annual sales, for they are to make the sales to one
who will take the least land and pay the tax.    When the
land is bid in to the State, and no one takes the State bid
before the next annual sale, it is then the duty of the
treasurer to offer the land to the highest bidder.    Act No.
206, Pub. Acts 1893, § 79. It is also the duty of the
county treasurer to keep an account of all lands sold from
the list bid in by the State, and of all lands on which the
taxes have been paid.    Id. § 88.    It is also his further
duty to furnish tax histories and lists of State tax lands on
application of any one who may desire them.    Act No.
161, Pub. Acts 1895, as amended by Act No. 21, Pub.
Acts 1897.    The duty of the county treasurer is plainly
marked out by the statute.    He must make the sales of
these lands, and he is obliged to keep a record of their
condition, and lists, for the information of the public.
The county treasurer and his deputies, then, are always in
a position to know the situation and condition of every
piece of land in the .county which has been returned
delinquent for taxes, and may at any moment give wrong
information in reference thereto.    If one seeks to purchase
a State bid, the county treasurer or his deputy may step
in ahead and make the purchase. Here the deputy treas-
urer made the purchase soon after he became deputy.
The lands were in a list kept in the treasurer's office, and
presumably he derived his information as to the situation
and condition of the land by looking over the list.    At

least, the opportunity was open for him to do so. As illustrated by counsel:

"If a person desires to learn from the treasurer the amount required to buy a certain piece of land that is valuable and particularly desirable, the treasurer has it in his power to inform such inquirer that such parcel is applied for, and immediately apply for it himself, or have some trusted friend do so; thereby defeating the intention of the applicant for what he thinks will inure to his benefit."

It was expressly held in *Clute* v. *Barron*, 2 Mich. 192, that a county treasurer cannot become a purchaser at the annual tax sales; and in *Hall* v. *Collins*, 117 Mich. 617 (76 N. W. 72), it was held that the county treasurer cannot act for the purchaser. We think it must be held that neither a county treasurer nor his deputy can purchase lands from the State under such circumstances.

The decree below must be reversed, and a decree entered here setting aside the order made below; and the respondent having filed an answer in the nature of a cross-bill, asking that the petitioner's deed be canceled and held for naught, the relief asked here must be granted, with costs.

The other Justices concurred.