BURNS *v.* FORD.

1. TAX SALES—WHEN SET ASIDE.

A tax sale under the law of 1893 will not be set aside after confirmation, except for one of the reasons specified in section 70 of the act (1 Comp. Laws 1897, § 3893),—*i. e.,* that the taxes were paid or the land was exempt,—or for jurisdictional defects in the tax proceedings.

2. SAME—NONJURISDICTIONAL DEFECTS—RECORDING DECREE—PUBLICATION—REPORT OF SALE.

Hence, such sale is not open to attack because of—

(1) The failure of the county clerk to record the order of hearing the auditor general's petition, as required by 1 Comp. Laws 1897, § 3885.

(2) The recording of the decree of sale in a special book kept for that purpose, instead of in the regular chancery record, as required by section 3890. Following *Hoffman* v. *Pack, Woods & Co.,* 123 Mich. 74.

(3) The fact that the last publication of the petition and the order of hearing thereon was not made 10 days before the day fixed for the hearing. Following *Eldridge* v. *Richmond,* 120 Mich. 586.

(4) A variance between the date of the decree entered and that of the certified copy annexed to the tax record. Following *Gates* v. *Johnson,* 121 Mich. 663.

5) The fact that the county treasurer's report of sale to the auditor general was made before the time when, under the statute, the sales would stand confirmed, contrary to the provisions of section 3893, and did not, in relation to lands bid in by the State, recite a full compliance with the statute as to previous efforts to sell them to private purchasers. Following *Detroit Fire & Marine Ins. Co.* v. *Wood,* 118 Mich. 31.

3. SAME—PROOF OF PUBLICATION.

Former decisions of the court in relation to the sufficiency of proof of publication of the petition and order of hearing (*i. e., Garner* v. *Wallace,* 118 Mich. 387, *Spaulding* v. *O'Connor,* 119 Mich. 45, and *Mann* v. *Carson,* 120 Mich. 631) are approved.

4. SAME—REPORT OF SALE.

A county treasurer's report of sale which states that parcels bid to the State were, "on the original offering for sale," passed over for the time being, and were reoffered before the close of the sale, but could not be sold, is not open to the objection that it does not show that such lands were ever offered for sale in their regular order.

5. SAME — STATE TAX LANDS — SIMULTANEOUS PURCHASE FROM REGULAR LIST.

Where a purchaser of State tax land at the annual sale by the county treasurer at the same time bids in the land for the taxes of a subsequent year, which latter sale is void, it is not a valid objection to the purchase of the State title that, as it does not appear that it would have been made but for the purchaser's desire to buy the land from the regular list, both titles should fall together.

Appeal from Mecosta; McMahon, J., presiding. Submitted April 4, 1900. Decided May 18, 1900.

Petition by J. Davidson Burns against Edgar W. Ford, Mary M. Ford, and Roscoe D. Dix, auditor general, to set aside a tax sale. From a decree dismissing the petition, petitioner appeals. Affirmed.

*Frank Dumon* and *Boudeman & Adams,* for petitioner.

*A. B. Cogger* and *M. Brown,* for defendants.

Montgomery, C. J. This is a hearing on a petition filed to review the proceedings in a tax case had on petition of the auditor general. Petitioner has succeeded to the original title, and defendant Edgar W. Ford is a purchaser from the State of the title derived on a sale of the land under a decree. There is no showing that the tax was paid prior to the sale, nor that the land has been redeemed, nor that the land was exempt from taxation. If the court obtained jurisdiction of the proceeding, and has so far followed the statute as to retain jurisdiction, the petitioner is not entitled to have the sale set aside. 1 Comp. Laws 1897, § 3893.

1. Section 3885, 1 Comp. Laws 1897, provides that, on filing the petition of the auditor general, it shall be the duty of the county clerk to present the same to the circuit judge, and it shall be the duty of the circuit judge to make an order in a form prescribed,—

"Which order, when so made and signed by the circuit judge, shall be countersigned by the county clerk as register in chancery, and recorded by him in the proper books of his office; and thereupon it shall be the duty of said county clerk to immediately make a true copy of said order, and transmit the same to the auditor general."

The order in question was made in due form, signed by the circuit judge, countersigned by the register in chancery, and filed in the case, but was not recorded at length. Is the record by the clerk jurisdictional?

Section 3889 provides that the publication of the order and petition shall be equivalent to personal service of notice. The requirement that the order shall be recorded is evidently for the purpose of perpetuating evidence. No jurisdictional action is based on the record. The statute contemplates that the order is to be signed in advance of any record of it in the book. The neglect of the clerk does not, we think, lose jurisdiction. *Hoffman* v. *Pack, Woods & Co.*, 123 Mich. 74 (81 N. W. 934). The case cited also rules the question raised relative to the recording of the final decree.

2. Certain questions are raised relative to the sufficiency of the affidavit of publication; but, in view of our previous holdings in *Mann* v. *Carson*, 120 Mich. 631 (79 N. W. 941), *Garner* v. *Wallace*, 118 Mich. 387 (76 N. W. 758), and *Spaulding* v. *O'Connor*, 119 Mich. 45 (77 N. W. 323), we do not deem it necessary to discuss the point made at length. It is sufficient to say that the affidavit, by reference to the annexed paper, shows a publication of all requisite notice. In the same connection, the point is made that the publication is defective for the reason that the last publication was not 10 days before the day of the hearing. This point is ruled against the contention of petitioner in *Eldridge* v. *Richmond*, 120 Mich. 586 (79 N. W. 807).

3. The variance in date between the decree entered and the certified copy attached to the tax record is not fatal to the proceeding. *Gates* v. *Johnson*, 121 Mich. 663 (80 N. W. 709).

4. The report of the county treasurer to the auditor general was made before the time when, under the statute, the sale stood confirmed. It is claimed that this is premature, and the case should be treated as though no report of sale had been made. Objection is also made that the return does not show that the lands bid in by the State were offered in their regular order at all. The statute requires that, if any parcel cannot be sold for taxes, interest, and charges, such parcel shall be passed over for the time being, and shall be reoffered on the succeeding day, or before the close of the sale. The report states that:

" In every case where any parcels are marked as bid to the State, such parcels, on the original offering for sale, were passed over for the time being, and were, before the close of such sale, reoffered for sale; but the same, respectively, could not be sold for the total amount of the taxes, interest, and charges, and thereupon, and for that reason, I did bid off the same, respectively, in the name of the State."

We think the criticism not justified, and we also think, as to both criticisms on the report, that the alleged irregularities are not jurisdictional. *Detroit Fire & Marine Ins. Co.* v. *Wood*, 118 Mich. 31 (76 N. W. 136).

5. The decree in this case was based on the assessment of 1893. The State became the purchaser in 1895, and the defendant Edgar W. Ford bought the title of the State at the December sale of 1896. It appears that at the same time the defendant Ford purchased on a sale for the taxes of 1894. The petitioner subsequently redeemed from the sale for the taxes of 1894, leaving the purchase of the State interest to stand. It is now claimed that the sale for the taxes of 1894 was void, under *Connecticut Mut. Life Ins. Co.* v. *Wood*, 115 Mich. 444 (74 N. W. 656), and that as it does not appear that the defendant would have purchased the title of the State under the present decree for the taxes of 1893, except for the reason that he wanted to bid for the taxes of 1894, this sale should fall with the other. It might be answered that it does not appear that the defendant would have purchased under the sale for the taxes of 1894, except for the reason that he wanted to buy the State's title for the taxes of 1893. We think this purchase gave title to defendant.

We find no jurisdictional defects in the proceedings, and the decree dismissing the petition will be affirmed, with costs.

The other Justices concurred.