YOUNGS *v.* POVEY.

127     297
128   311n
127     297
s86NW 809
127     297
149    ¹230

STATE TAX LAND—PURCHASE—VALIDITY.

* 1. Application for a deed and payment of the taxes to the
auditor general complete the purchase from the State. *Eldridge* v. *Richmond,* 120 Mich. 586.

2. The land was advertised at the annual tax sale as " State tax
lands," under section 3901, 1 Comp. Laws, but was not sold.
This statute was not enacted for the benefit of the original
owners, and the sale by the State is valid.

3. The purchaser sent to an employé in the auditor general's
office a draft sufficient to pay the taxes, and asked such
employé to ascertain from the book kept for that purpose
whether any applications were ahead of his; if not, then to
present his application and hand the draft to the auditor
general. *Held,* that this was not a violation of section 1321,
1 Comp. Laws, making it unlawful for an officer or clerk in the
auditor general's office to purchase, directly or indirectly,
any lands for sale at said office.

Appeal from Chippewa; Steere, J. Submitted March 8,
1901. Decided July 2, 1901.

---

* Head-notes by GRANT, J.

Petition by Clark W. Youngs against David Povey, Carrie Povey, and Patrick Needham for a writ of assistance. From an order granting the writ, respondents appeal. Affirmed.

The applicant is the owner of a tax deed dated October 4, 1897. The respondent David Povey is the original owner, and respondent Needham is his tenant. The applicant was granted a writ of assistance to put him in possession. The tax deed is based on the taxes of 1893, and the premises were bid in by the State at the annual tax sale in December, 1895. The land was again offered at the annual tax sale in 1896 as "State tax land." The first publication of the notice of sale was November 14, and the last December 5, 1896. The land, however, was not sold at that sale. June 15, 1897, the applicant applied to the auditor general to purchase five descriptions of land, including the one in question, for which he deposited $335 with the auditor general. The money was sufficient to pay all the taxes upon all the descriptions. On June 22d, supposing that there was overpayment of $15, that amount was returned to Mr. Youngs. When the deed was returned by the auditor general to Mr. Youngs, he also received $54, supposed at that time to be overpayment. It was subsequently discovered that there was a mistake on one of the other descriptions of land, and complainant, Mr. Youngs, was called upon to send the amount, which he did.

*W. S. Hill*, for petitioner.

*John W. Shine* ( *Cahill & Wood*, of counsel), for respondents.

GRANT, J. (*after stating the facts*). 1. It is first urged in behalf of respondents that the purchase was not completed until the delivery of the deed, in October; that at that time another tax had become due, which was not paid; and that therefore the tax deed is void, under

*Hughes* v. *Jordan*, 118 Mich. 27 (76 N. W. 134). It was settled in *Eldridge* v. *Richmond*, 120 Mich. 586 (79 N. W. 807), that the application and payment complete the purchase, and that the acts of issuing a certificate and executing a deed are ministerial acts, necessary only to evidence the title. Owing to the press of business in the auditor general's office, Mr. Youngs' application was not reached for some months after his application and payment. Mr. Youngs' deposit with the auditor general was sufficient to cover all the taxes then due.

2. It is next urged that the deed is void because the land was not sold at the annual tax sale as "State tax lands," under section 3901, 1 Comp. Laws. This contention cannot prevail. This statute was not enacted for the benefit of the original owners. *Muirhead* v. *Sands*, 111 Mich. 487, 492 (69 N. W. 826); *Garner* v. *Wallace*, 118 Mich. 387 (76 N. W. 758).

3. It is next urged that the purchase was made through one White, who was at the time an employé in the auditor general's office, and that therefore the deed is void, under section 1321, 1 Comp. Laws, which reads: "That it shall be unlawful for any officer or clerk employed * * * in the office of the auditor general of this State * * * to purchase, either directly or indirectly, from the State, * * * any lands for sale at said office. * * *" Counsel rely upon *Hall* v. *Collins*, 117 Mich. 617 (76 N. W. 72), and *Wait* v. *Gardiner*, 123 Mich. 236 (81 N. W. 1098). Mr. Youngs wrote a letter to White, giving him the descriptions he wanted to purchase, inclosed a draft for the money, payable to the order of the auditor general, and requested White, before presenting his application, to ascertain if any applications for these lands were on file, and, if not, then to hand the draft to the auditor general and file his application. Mr. White made and filed an application, signing Mr. Youngs' name to the same. It was the custom of the auditor general's office to receive all applications and moneys for tax deeds, without at the time ascertaining whether there were any prior applica-

tions. The first applicant received a deed, and the money of the other applicants was then returned. A book, known as "No. 11," was kept, in which these applications were noted. Mr. Youngs had ascertained from the county treasurer's office that these taxes were not paid. Had he been in Lansing himself, he could have examined book No. 11, or asked Mr. White or any other person to examine it for him, and ascertain whether there were any previous applications. He simply wrote to Mr. White to file the application in case there were none ahead of it. Mr. White had no interest in the matter, received no compensation, and did it only as an accommodation to Mr. Youngs. He obtained the same information that a blind man or any one could obtain, either in person or by letter, from the clerk who had access to the book. Complainant did not desire to deposit the money if there was an application ahead. This information he might legally obtain from any one in the auditor general's office. There was nothing reprehensible in the transaction, and nothing by which any fraud could be committed or any other person's rights injured. This transaction is not within the statute or the rule of the cases above cited.

The order is affirmed, with costs.

The other Justices concurred.