[No. 8292.]

IN RE WILL OF DUNPHY.

DUNPHY ET AL. V. ST. MARY'S HOSPITAL ET AL.

1. PLEADINGS—*Objections to Jurisdiction.* A motion to quash a pleading for want of jurisdiction in the court where it is presented, to entertain it, admits all material matters well pleaded therein, and is to be treated as a demurrer. (198.)

2. WILLS—*Probate—Notice to Heirs.* The statute of 1903 (Rev. Stat. sec. 7096), limits the right of the heir to contest the will after the expiration of one year from the probate, and is to be strictly construed. The notice required by the statute is jurisdictional, and the heir is not concluded unless the statute is substantially complied with. (199, 200.)

The statute directing publication of the notice, for four successive weeks (Rev. Stat. sec. 7083), a notice published five times in a daily newspaper between June 11 and July 9, nothing appearing to show how many publiiations were made in any one week *held* not a compliance with this requirement. (201.)

*Error to Pueblo County Court.*. Hon. FRANK G. MIRICK, Judge.

Mr. W. B. VATES, Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, for plaintiffs in error.

Mr. JOHN H. VOORHEES, Mr. F. R. MCALINEY, Mr. A. W. ARRINGTON, for defendants in error.

GARRIGUES, J., delivered the opinion of the court.

This action was brought by the alleged heirs of Patrick Dunphy, deceased, to rescind an order admitting a purported will to probate; to have the will declared null and void, and for a finding that deceased died intestate, leaving petitioners as his only heirs at law. Upon motion of respondents, in the nature of a demurrer, the petition was dismissed, and the only question presented here involves this action of the court.

1. Petitioners allege that they are non-residents of Colorado, and the only heirs at law of Patrick Dunphy, deceased; that he departed this life June 4, 1909, at Pueblo, Colorado, seized and possessed of real estate and personal property; that June 7, 1909, a paper writing purporting to be the last will of decedent, was presented to the court, and August 23, 1909, admitted to probate, by which the alleged heirs are cut off from inheriting any of decedent's property; that none of the petitioners was served with citation, and that there was no publication of notice of the hearing according to law, requiring the heirs to appear at the time of probate, or apprising them of the time and place of the hearing; that the only publication of such notice was by printing the same five times in the daily issue of the Star-Journal, a newspaper published daily at Pueblo, the first publication being June 11, 1909 and the last July 9, 1909, and that they had no knowledge of the publications when made; that the paper writing admitted to probate is not the last will of Patrick Dunphy; that he died intestate and they are his only heirs at law. Two grounds of contest are then pleaded, the first being that deceased was at the time mentally incompetent to make a will, or dispose of his property, and was acting under the undue and improper influence of the beneficiaries; the second going to the contents of the

will, and objecting upon the ground that the beneficiaries are incompetent to take, hold or enjoy the property. The prayer asks that the order admitting the will to probate be vacated; that the will be declared null and void; that decedent be held to have died intestate, and that his estate be distributed according to the proofs of heirship. The action was commenced July 3, 1914, and the beneficiaries therein named filed a motion to dismiss the petition for lack of jurisdiction, because more than a year had elapsed since the will was admitted to probate, and that the year within which a contest could be instituted, had expired. The motion was sustained.

2. A motion to dismiss a pleading for want of jurisdiction of the subject matter admits the truth of all the material allegations therein contained that are well pleaded, and should be treated as a demurrer, as was done in this case by court and counsel in the hearing below.

3. The first question presented is whether the publication of notice to these unknown heirs was jurisdictional, and whether the court had power to act upon the allegations of the petition after the lapse of one year from the date of probate, regardless of whether or not the statutory notice to unknown heirs was published. Heirs for the purpose of notice seem to be classified by the statute into: (a) Known heirs who can be personally served within the state; (b) Known heirs of unknown residence, or who have gone from or reside without, the state or cannot be found within the state; (c) Unknown heirs. The first class must be personally served with citation, and the statute provides the judge shall cause a notice addressed to the second and third classes, setting forth the presentation of the will, the name and place of residence of the person presenting it, name and place of residence of the testator, and a statement of the property devised or bequeathed as described in the will, and requiring such heirs to be present at the day and place named in the notice, to be published for four successive weeks in

some daily or weekly newspaper published in the county. It then provides that upon the day fixed in the notice for the hearing, if it shall appear "that due publication of such notice hath been made as required by law, the court may proceed to hear the probate of such will." The petition alleges that petitioners are the sole heirs at law of decedent; that they are non-residents of Colorado; were not personally served with citation, and that the notice required by statute was not given. The court ordered publication of notice. It therefore must have found the case was one coming within the provisions of the statute requiring such publication. The position of counsel presenting the motion, and of the court below in sustaining it, was that the court had no jurisdiction to act upon the allegations of the petition, because it was filed more than a year from the date of probate; that whether the statutory notice was given or not to unknown heirs, in no way affected the court's jurisdiction over the allegations of the petition, and that plaintiffs, though they were unknown heirs, were barred by the lapse of one year from seeking any relief they might have obtained within that time, regardless of the publication of notice. In such ruling the court was in error. At common law probate jurisdiction was originally vested in the ecclesiastical courts, and the heir desirous of contesting the will was remitted to a common law action. Our act of 1861 gave the heir the right to contest by filing a bill in chancery within two years after the date of probate. The only remedy of the heir under the act of 1903 seems to be to appear and object at the time of the hearing; or, within one year thereafter, to ask for a revocation of the order admitting the will to probate. This statute appears to abolish the common law procedure and to repeal the act of 1861, and being in derogation of the common law, should be strictly construed. One purpose of the statute is to permit the heir, upon whom the law casts the property at the death of the ancestor, to come into court and object to the probate of a purported will

which disinherits or cuts him off from participating in the ancestor's estate, and if he fails to do so, to bar any right of objecting which he might have had, within one year after probate. The statute is not confined to the probate of the will, but imposes a limitation upon the right of the heir to contest, and is a complete bar after the expiration of one year. We do not think the legislature intended to take away the only right the statute gives the heir of contesting the will except upon at least a substantial compliance with its terms. Of course failure to publish notice to the unknown heirs as required by law is no ground of contest or for setting aside a will. It is not so contended. Petitioners are seeking to set aside this will upon statutory grounds, and pleaded the failure to publish the notice required by law, merely to show that the one year statute of limitations barring their right to plead such grounds of contest, had not run against them. In Brown on Jurisdiction, Sec. 51, it is said:

"This mode of service is called constructive; not because the publication in the manner prescribed raises any reasonable presumption that the defendant is advised of the pendency of the action, for its authorization is not confined to cases where there is a possibility of its ever coming to the knowledge of the party liable to be affected thereby. The defendant may have removed beyond the reach of knowledge of the fact of publication so made, and be at such a distance that it would be impossible for him to reach the place of trial before the day fixed for the return of the process. This method of service depends for its validity more upon strictly conforming to the statute which authorizes it than upon any inherent probability of its giving notice of the pendency of the suit to the party affected; and the fact of knowledge on the part of the defendant cannot be shown to supply any defect in the publication or in the proceedings anterior to it."

The statutory notice to their heirs by publication, in

this case, was jurisdictional. It could not be given or withheld at the discretion of the court and the action was not barred unless the publication was made substantially as required by law.

4. The only notice given the heirs, according to the allegations of the complaint, which, for the purposes of the demurrer must be accepted as true, was the notice published five times in the daily issue of the Star-Journal, a newspaper published daily at Pueblo, the first issue being June 11, 1909, and the last July 9, 1909. This was not a substantial compliance with the law and was fatal to jurisdiction. A legal publication of notice was a prerequisite to the jurisdiction of the court in denying unknown heirs—more than a year after the probate of the will—the right to be heard. The statute requires such notice to be published "for four successive weeks in some daily or weekly newspaper," and a certificate that it was published five times in a daily issue of a daily paper, giving the date of the first and last publications was fatally defective, conferred no jurisdiction upon the court, and did not set in motion— against the allegations of the petition—the one year statute of limitations. The law requires the publication to be made for four successive weeks, and the certificate must follow this requirement, and state that the notice was published for four successive weeks, giving the date of the first and last publications. Certifying that a notice was published five times in the daily issue of a daily newspaper, is not equivalent to saying that it was published for four successive weeks, and there is no way of placing such a construction upon the language. *Evans v. People*, 139 Ill. 552, 28 N. E. 1111; *Chandler v. People*, 161 Ill. 41, 43 N. E. 59; *Toberg v. Chicago*, 164 Ill. 572, 45 N. E. 1010. It does not follow because the notice was published five times in a daily issue of a daily paper, between the dates given, that it was published for four successive weeks, as the statute specific-

ally requires. For aught we know, there may have been three publications the first week, and two the last.

The judgment will be reversed and the cause remanded with directions to the lower court to overrule the motion and rule respondents to answer.

*Reversed and remanded.*

GABBERT, C. J., and SCOTT, J., concur.

Decided October 4, A. D. 1915. Rehearing denied December 6, A. D. 1915.