HALL *v.* MANN.

| 118 | 201 |
|-----|-----|
| e121 | 665 |
| 118 | 201 |
| s122 | 15 |
| 118 | 201 |
| f155 | ¹164 |

1. TAX SALES—CONCLUSIVENESS OF DECREE.
   All questions as to the validity of a tax upon land are fore-closed by a valid decree for the sale of the land for nonpayment of the tax.

2. SAME—NOTICE.
   A tax sale will not be set aside in equity because the owner of the land, a nonresident, had no actual notice of the proceedings, and supposed that the tax had been paid by one to whom he had sold the land by contract requiring the vendee to pay the taxes.

3. SAME—ENROLLMENT.
   Nor is such sale void for want of enrollment of the decree.

4. SAME—STATE LANDS — PURCHASE PRICE—APPEAL — OBJECTIONS NOT RAISED BELOW.
   An objection that a purchaser of State tax lands did not pay all taxes remaining a lien thereon at the time of purchase, as required by section 84 of the tax law of 1893, cannot be raised for the first time on appeal from an order dismissing a petition to set aside the sale.

5. SAME—REMANDING RECORD—AMENDMENT.
   But, under the circumstances of this case, the record was remanded for rehearing, with leave to amend the petition.

Appeal from Muskegon; Russell, J. Submitted February 2, 1898. Decided September 20, 1898.

Petition by Alice A. Hall against M. E. Mann and George F. Brown to set aside a tax sale. From a decree dismissing the petition, petitioner appeals. Reversed on terms.

*Brown & Adams*, for petitioner.

*Black & Brown* (*Fred A. Maynard*, Attorney General, of counsel), for defendants.

Moore, J. This is an application for a rehearing, with leave to appear and answer the petition of the auditor general in a tax proceeding. The petition claims the proceedings were void:

*First.* Because the owner was a nonresident of the State, who had sold the land upon a contract, to a purchaser who was to pay the taxes; that the purchaser was also a nonresident, who sent the money to pay the taxes to his brother, who was a resident, but who failed to pay the taxes.

*Second.* Because the owner had no notice of the tax proceedings until after the deed had been issued by the State to the defendants.

*Third.* Because included in the tax was a drain tax, which tax it is alleged is "illegal and void for the reason that the officers of the law failed to take the necessary proceedings to establish said drain and to perform their duty in the manner and at the time required. Said drain tax, as well as other taxes, are therefore illegal and void, and the decree as well, for the following reasons:

"1. That there is no release of any right of way for said drain by the owners of the land along which said drain was constructed, and no release by your petitioner.

"2. That no application was ever made to the probate court, as required by law, for the appointment of commissioners to determine the necessity for such drain, and for taking of private property for the use and benefit of the public, and for the just compensation to be made therefor.

"3. That there has been no notice or citation from the probate court to the owner or occupant of said lands to show that they were to be affected, or her rights were to be in any way involved.

"4. That said drain taxes are void for the reason that there was more than twice as much attempted to be assessed and collected against said land as was authorized or necessary; there being about $1,074.45 levied for drain purposes for said year, when there was only about $440.54 required to be expended or authorized by law if the proceedings had been legal.

"5. That there is no order of the board of supervisors of the county of Muskegon directing said drain taxes to be spread upon the tax roll of the year 1893, as required by law.

"6. That the papers and records necessary to show the

history and proceedings in this cause, which are required to be made by the county drain commissioner, were never deposited or filed in the county clerk's office for over 10 months after the tax was spread upon the tax roll.   Consequently said drain taxes are unauthorized, and illegally spread upon the roll, and are therefore void.

"7. That said lands were assessed in one parcel by the supervisor of the township in which they are located, but at the sale were sold in separate parcels; that, at some time between the time of assessment and the sale for taxes, said land was separated in different parcels, and the tax apportioned, by some person not authorized by law, without regard to the different values of the separate parcels,—the same amount of general taxes being levied on the north 40 acres of said land as the south 40 acres, whereas the south 40 acres was worth twice as much as the north 40.

"8. Because the board of supervisors of said county of Muskegon, in 1893, borrowed and raised by taxes more than $1,000 for constructing and repairing public buildings, highways, and bridges within said county, without such action having first been authorized by a majority of the electors of such county voting thereon, contrary to the Constitution of the State of Michigan.

"9. Because the board of supervisors of said county did not, at their October session in 1893, nor at any other session in that year, examine the assessment rolls of the several townships and cities in said county, and ascertain whether the relative valuation of the real property in the respective townships and cities had been equally and uniformly estimated.

"10. Because the board of supervisors of said county did not, at any session in 1893, equalize the assessment rolls of the several townships and cities in said county by adding to or deducting from the valuation of the taxable property in any of the townships or cities such an amount as, in their judgment, would produce relatively an equal and uniform valuation of the real property in the county, and enter the amount added to or deducted from the valuation in any township or city upon their records.

"11. Because said board of supervisors did not, at any session in 1893, cause to be entered upon their records the aggregate valuation of taxable real and personal property of each township and city in said county as determined by them.

"12. Because the board of supervisors of said county did not, at their annual October session in 1893, ascertain and determine the amount of money to be raised for county purposes, and because said board did not apportion the amount so determined, nor any amount, either for county or State taxes, among the several townships in the county, as provided by law.

"13. Because the decree and other proceedings in this case were not enrolled prior to sale, or prior to the filing of the report of the treasurer, and have not yet been enrolled.

"14. No certified copy of decree was attached to tax record and delivered to the county treasurer before sale, as required by section 67, Act No. 206, Pub. Acts 1893.

"15. Because the county treasurer did not make sale of this property in the manner provided by law, said land being first offered to the person who would take the entire description for the amount charged against it."

Upon the hearing, the court declined to hear proofs, except in relation to reasons 14 and 15 of subdivision 3. The petitioner declined to offer any proofs under the ruling of the court. The petition was dismissed, and the petitioner brings the case here by appeal.

All of the questions raised by the petitioner, except the two in which the court said she might offer proof, have been decided against the petitioner in the recent cases of *Muirhead* v. *Sands,* 111 Mich. 487; *Auditor General* v. *Hutchinson,* 113 Mich. 245; *Hilton* v. *Dumphey,* Id. 241; *Auditor General* v. *Sparrow,* 116 Mich. 574; and *Hughes* v. *Jordan, ante,* 27.

The appellant has handed us a supplemental brief since the case of *Hughes* v. *Jordan* was handed down, in which attention is called to the fact that, when defendants obtained their deed, they did not pay all taxes then a lien upon the property. This claim was not made in the petition filed before the circuit judge, though it does appear in an affidavit attached thereto. If it had been made in the petition, and established by proof, the claim would have been well taken. As it is now made for the first time, we do not feel at liberty to consider it upon this record; but, upon the payment of costs, leave will be

granted to petitioner to have the case remanded, with leave to file an amended petition and a rehearing in the court below; otherwise the decree dismissing the petition is affirmed, with costs.

The other Justices concurred.