## BERKEY *v.* BURCHARD.

TAXES—SETTING ASIDE SALE—BILL OF REVIEW.

Under section 70 of the tax law of 1893, providing that "no sale shall be set aside after confirmation, except in cases where the taxes were paid or the property was exempt from taxation," leave to file a bill of review should not be granted in a tax proceeding after confirmation of the sale, unless a total want of jurisdiction to make the decree is shown, or one of the two causes mentioned in the statute exists; and the fact that leave to file such bill is granted for one of the causes mentioned does not authorize a consideration of other questions, which were conclusively determined by the original decree.

ON APPLICATION FOR REHEARING.

SAME—PURCHASE OF STATE LANDS—CONSIDERATION.

The provision of section 84 of the tax law, requiring the purchaser of State tax lands to pay all taxes remaining a lien thereon at the time of his purchase, has reference solely to private purchases made at the office of the auditor general, and does not apply to a purchase of such lands at public sale made by the county treasurer under section 79 of the law.

| | |
|---|---|
| 119 | 101 |
| s119 | 105 |
| 119 | 101 |
| 121 | 74 |
| 121 | 83 |
| 119 | 101 |
| 124 | 258 |
| 119 | 101 |
| d128 | 312 |
| 119 | 101 |
| s77NW | 635 |
| s79NW | 908 |
| e130 | ¹684 |
| 119 | 101 |
| 138 | ¹414 |
| 138 | ¹584 |
| 119 | 101 |
| 142 | ¹126 |
| 119 | 101 |
| 144 | ¹253 |

Appeal from Ottawa; Padgham, J. Submitted October 6, 1898. Decided December 28, 1898. Application for rehearing denied July 11, 1899.

Bill by Laura Berkey against George W. Burchard, Jr., John Macfie, Francis Lord, and others, to review a tax sale. Defendant Lord filed an answer in the nature of a cross-bill, praying for like relief. Defendant Burchard also filed an answer in the nature of a cross-bill, praying for a decree quieting his title and for a writ of assistance. From a decree dismissing the original bill and the cross-bill of defendant Lord, and granting the relief prayed for by defendant Burchard, complainant appeals. Affirmed.

*Wylie & Clapperton*, for complainant.

*Charles E. Soule*, for defendant Burchard.

MOORE, J.   In 1893 Francis Lord was the owner of the
40 acres of land involved in this controversy, and of an
adjoining 20 acres of land.   In February, 1892, Mr. Lord
and his wife gave to Laura Berkey a mortgage upon the
entire 60 acres of land for $1,800.   In the spring of 1893
the land was assessed to Mr. Lord.   The assessment upon
the 40 acres was $1,300, and upon the 20-acre parcel $400.
No mortgage interest was assessed against Mrs. Berkey.
Mr. Lord paid the taxes upon the 20 acres.   The 40 acres
was returned for nonpayment of taxes.   After petition
filed by the auditor general and an order made by the cir-
cuit judge, notice of which was duly published and proof
thereof filed, a decree was made for the sale of the 40
acres of land.   December 2, 1895, it was sold, and bid off
by the State.   .It was not redeemed, and on December 4,
1896, at the regular tax sales, it was purchased by John
Macfie, who on March 25, 1897, obtained a deed of the
land from the auditor general.   In July, 1897, Macfie
conveyed his interest to George W. Burchard, Jr.

In August, 1897, Laura Berkey filed a petition for
leave to file a bill of review in the original tax proceeding.
This petition was accompanied by a draft of the proposed
bill of review, in which it was stated, among other things,
that prior to the tax decree the taxes upon the land in con-
troversy had been paid.   The circuit judge granted leave
to file the bill of review, and a hearing was had before
him.   Upon the hearing the complainant sought to show
that her mortgage interest had not been assessed, and
that she had no notice of the tax proceedings until Mr.
Macfie obtained his deed.   Testimony was also given
tending to show that the taxes had been paid; also, that
Mr. Lord had personal property out of which the tax
might have been collected, and that the return of the
town treasurer was not true.   Other irregularities were
sought to be shown.   The circuit judge decided that Mrs.
Berkey had failed to show such a state of facts as entitled
her to relief, and dismissed her bill of complaint and the
cross-bill of Mr. Lord, and granted Mr. Burchard the

relief prayed for by him in his cross-bill. From this decree the complainant has appealed. It is her claim that, as she was allowed to file her bill of review, she had the right to contest every defect and irregularity in the tax proceeding, the same as though she had made her contest before the tax decree was made.

The circuit judge found that the petition was filed by the auditor general, with the list of lands attached thereto; that an order of the circuit judge was duly made and signed fixing the time and place of hearing; that notice of the time and place of hearing was duly given as required by law; that the proceedings prior to the tax decree were regular; and that all the intervening steps to the giving of the deed were regular. The record also discloses that the sale was duly confirmed, and all the proceedings enrolled, before the petition for leave to file the bill of review was filed. There is nothing in the record to show that the circuit judge was not right in so finding.

Section 70 of the tax law provides, "No sale shall be set aside after confirmation, except in cases where the taxes were paid or the property was exempt from taxation." Act No. 206, Pub. Acts 1893. In this case the petition and bill of review alleged that the taxes had been paid, and because of this allegation it was the duty of the circuit judge to entertain the bill. He allowed testimony upon other issues than the payment of the taxes to be given, and made findings in relation to those issues. But we do not deem it necessary to discuss them here. The circuit judge found that the allegation in the bill that the taxes had been paid was not sustained by the evidence. The testimony upon that point was contradictory, but we think it was of such a character as to fully justify the circuit judge in his finding, and especially as the witnesses were examined in open court. We are not inclined to disturb his finding in that respect.

It is urged by counsel that a bill of review in a tax proceeding will perform the same office it would in any chancery case. We think a chancery judge would not be

authorized to grant leave to file a bill of review for the purpose of setting aside a tax sale, after confirmation of the sale, unless a total want of jurisdiction to make the decree is shown, or one of the two causes mentioned in the statute exists, and the hearing must be confined to these causes. To say that allowing a bill of review to be filed for one of the causes mentioned in the statute opens the inquiry, the same as though it were an original hearing in the tax proceeding, is to render the provisions of the statute nugatory. The legislature evidently proceeded upon the theory that all property liable to taxation should pay its proportion of taxes; that it was the duty of the owner,. and of all persons having an interest therein, as mortgagees or otherwise, to see that the taxes were paid. If there were irregularities, simply, which did not go to the questions of whether the property was exempt from taxation, or whether the tax had been paid, or to the jurisdiction of the court, the irregularities must be shown at the hearing of the petition of the auditor general. before the tax decree. If this was not attended to, and the sale was afterwards made and confirmed, the sale could be set aside only when it was shown either that the tax had been paid, or the land was exempt from taxation, or in the case of lands belonging to infants or other incompetent persons. *Muirhead* v. *Sands*, 111 Mich. 487; *Ball* v. *Ridge Copper Co.*, 118 Mich. 7; *Spaulding* v. *O'Connor*, *ante*, 45. If parties interested in land which is liable to taxation are diligent in attending to the duty imposed upon them by the law, no hardship will be done them. If they are negligent, it sometimes happens that persons who are on the lookout for such opportunities will procure title to property for much less than it is worth. While this is to be regretted, it is a condition of things the courts cannot help, if the law is to be so construed as to prove a certain source of revenue to the State.

In this case a writ of assistance was issued to the defendant Macfie. It is suggested in the brief of counsel that the affidavit filed as the basis for the issuance of the writ does not show that, at the time of the purchase of this

land by Macfie, he had paid all subsequent taxes which were a lien on the land, and therefore the writ should be stayed. There is nothing in the record to show that any taxes were a lien upon the land at the time he got his deed, nor is there any allegation in the bill of review raising this question, and it does not appear to have been presented to the circuit judge.

The decree is affirmed.

The other Justices concurred.

## ON APPLICATION FOR REHEARING.

MOORE, J. This is an application for a rehearing of the case reported at page 101, *ante.* After this case was commenced, but before it was decided, the opinion in *Hughes* v. *Jordan*, 118 Mich. 27, was handed down. The purpose of this application is to have the case remanded, so it may be shown that Macfie, through whom Mr. Burchard obtained his title, did not pay the taxes then a lien upon the land when he obtained his deed, so as to bring the case within *Hughes* v. *Jordan.*

The petition which is the basis of the motion shows that Macfie did not buy the land at the office of the auditor general, at private sale, as section 84, Act No. 206, Pub. Acts 1893, provides may be done, but he bid it off at a public sale made by the county treasurer under the provisions of section 79 of said law. Sections 80, 81, and 82 provide what shall be done by the purchaser, the county treasurer, and the auditor general, under such circumstances. In none of these sections is it required that, before the purchaser at a public sale made by the county treasurer shall be entitled to his deed, he shall be required to pay all taxes then a lien on the land. Section 84 requires the payment of all taxes then a lien upon the land, where the purchase is made at private sale at the office of the auditor general. Its provisions and the case of *Hughes* v. *Jordan*, *supra*, do not apply to this case.

The application for a rehearing is denied.

The other Justices concurred.