SAYERS *v.* O'CONNOR.

1. TAX SALES—VALIDITY—PAYMENT OF TAX.

The fact that part of a tax was paid in due season to the collecting officer, who, on failure of the owner to pay the balance, returned to the latter the amount so paid, does not warrant the setting aside of a sale of the land for the amount of the tax.

2. SAME—EXCESSIVE DECREE.

An objection that the decree in a tax proceeding was excessive cannot be raised after confirmation of the sale.

3. SAME—EXPENSES OF SALE.

Under section 61 of the tax law of 1893, authorizing the inclusion in a tax decree of a charge of 70 cents against each description of land "for the cost of advertising and other expenses of sale," such charge is properly included, notwithstanding the provision of section 65 that "the cost of advertising shall in no case exceed the sum of 40 cents for each description."

Appeal from Tuscola; Beach, J. Submitted January 31, 1900. Decided May 18, 1900.

Bill by Sidney Sayers against William O'Connor and Roscoe D. Dix, auditor general, to review the decree in a tax proceeding. From a decree dismissing the bill, complainant appeals. Affirmed.

*F. S. Wheat* and *Bacon & Palmer*, for complainant.

*Quinn & Wixson* and *Thomas, Cummins & Nichols*, for defendant O'Connor.

MOORE, J. Mr. Gibbs was, prior to 1895, the owner of certain real estate. He placed upon it a mortgage, which was afterwards acquired by Mr. Sayers. The land was returned delinquent for the school tax assessed against it in 1894. It was bid off to the State in 1896. Mr. O'Connor afterwards purchased the land from the State. This is a bill of review to set aside the decree ordering the sale of the land for the taxes, for various reasons set forth in the petition. The petition for a bill of review and the bill of review were dismissed. The petitioner has brought the case here by appeal. He abandons all of his reasons for appeal except two.

The record discloses Mr. Gibbs paid part of his school tax, but for some reason did not pay all of it, and when it came time to either collect the tax or return the land for nonpayment of the tax, as the collector could not collect the balance unpaid, he returned to Mr. Gibbs that portion of the school tax which had been paid, and returned the land for the full amount of the school tax. It is urged upon the part of the petitioner that the payment made by Mr. Gibbs, notwithstanding the return of the money to him before the return of the land, amounted to a payment of the tax, and released the land from the lien of the tax so paid. It is conceded a part of the tax remained unpaid. A lien would certainly remain for the portion unpaid, for which a decree might be rendered for the sale of the land.

We do not think that, under the circumstances shown, any portion of the lien for the school tax was discharged. The tax collector is not obliged to take payment of a given tax in installments. The return of the amount received by the collector was satisfactory to the owner of the land. He knew that, as a result of his action, the land would be returned for the full amount of the tax. But, conceding that the lien was in part discharged, the court still had jurisdiction to render a decree to enforce the lien not discharged. There was an opportunity then to fix the amount due. Whether that amount was excessive or not cannot now be litigated. *Muirhead* v. *Sands*, 111 Mich. 487 (69 N. W. 826); *Spaulding* v. *O'Connor*, 119 Mich. 45 (77 N. W. 323); *Berkey* v. *Burchard*, 119 Mich. 101 (77 N. W. 635); *Wilkin* v. *Keith*, 121 Mich. 66 (79 N. W. 887).

There was included in the amount decreed against the land 70 cents for the cost of advertising and other expenses. Counsel say that, as section 65 of the tax law of 1893 provides "the cost of such advertising shall in no case exceed the sum of forty cents for each description of land," the amount included in the decree was 30 cents too large, and to that extent was invalid. This section fixes the compensation to be paid the proprietor of the newspaper for advertising the sale. It does not relate to the charge which shall be made against the land for costs and charges. Section 61 of the same act does relate to the amount of charges which may be included in the petition and decree, and provides that "he [the auditor general] shall include with and add to such total amount against each parcel seventy cents for the cost of advertising and other expenses of sale." The circuit judge made no mistake in including this amount in the decree.

The decree is affirmed.

The other Justices concurred.