138   413
140   ³596
138   413
f138  415
p138  457
138   413
142   ³127
138   413
146   ³506
138   413
f155  ³164

RUMSEY v. GRIFFIN.[1]

1. TAXATION—TAX SALES—INCLUDING DRAIN TAX.

The auditor general has authority to include delinquent drain taxes in his petition for sale of land for nonpayment of taxes.

2. SAME—ADVERTISEMENT—ERRORS—POWER TO CORRECT.

The auditor general has power to set aside a sale of land for taxes because of a defect in publication of the notice thereof, and to resell the land.

3. SAME—SETTING ASIDE DEED—GROUNDS.

After confirmation of a sale of land for taxes, the sale and deeds issued thereunder can be set aside only on the grounds that the taxes were paid, that the land was exempt from taxation, or for want of jurisdiction to enter the decree.

Appeal from Gratiot; Stone, J. Submitted November 16, 1904. (Docket No. 86.) Decided December 7, 1904.

Petition by Chauncey J. Rumsey against Albert A. Griffin and Perry F. Powers, auditor general, for leave to file a bill of review. From a decree dismissing the petition, petitioner appeals. Affirmed.

Petitioner's land was sold at the annual tax sale in 1902, purchased by the State, and by the State sold to defendant Griffin. Petitioner filed his petition in the circuit court asking leave to file a bill of review. It is claimed that the sale is void on account of a void drain tax assessed by the drain commissioner in the year 1882. Both the auditor general and defendant Griffin filed answers. A prior sale to the State was set aside by the auditor general for the reason, as appears by the answer, that the decree was prematurely entered. Various irregularities are alleged against this drain tax and the proceedings thereunder. So far as the facts therein set forth are

_____

[1] Rehearing denied January 30, 1905.

material, they are either denied by the answers or are not admitted, leaving the petitioner to proofs. No proofs were taken. The case was heard upon the petition and answers, and the petition dismissed.

*Nichol & Locke*, for petitioner.

*Albert McClatchey*, for defendant Griffin.

GRANT, J. (*after stating the facts*). Counsel, in his printed brief, raises two objections to the validity of the tax deed: (1) That the auditor general is not authorized by law to include in his petition delinquent drain taxes; (2) that the auditor general had no power to set aside the first sale on account of a defect in the publication, and to resell the land.

The first objection is settled against the contention of the petitioner by *Blondin* v. *Griffin*, 133 Mich. 647 *Hilton* v. *Dumphey*, 113 Mich. 241. The second question is ruled against him by *Schulte* v. *Auditor General*, 131 Mich. 677; *Bump* v. *Jepson*, 106 Mich. 644.

We have repeatedly held that, after confirmation of the decree, tax sales and deeds issued thereunder can be set aside for only three reasons, two of which are specified in the statute—that the taxes were paid, or the land was exempt from taxation. The third is lack of jurisdiction to enter the decree. *Burns* v. *Ford*, 124 Mich. 274; *Berkey* v. *Burchard*, 119 Mich. 101; *Spaulding* v. *O'Connor*, 119 Mich. 45.

There is no claim that the taxes were paid, or that the land was exempt. The court had jurisdiction to determine all the questions raised. It did determine them, entered decree, the lands have been sold, and the title of the State has passed to a third person. It follows that leave to file a bill of review was properly refused.

Decree affirmed, with costs.

The other Justices concurred.