HOFFMAN v. FLINT LAND CO.

1. TAXATION—TAX TITLES—BILL TO SET ASIDE—JUDGMENT—COLLATERAL ATTACK.

A bill to set aside certain tax deeds as constituting a cloud on complainant's title, alleging ownership of the lands in controversy, that they were delinquent for the taxes of various years, that the lien of the State was attempted to be foreclosed and decrees entered, and that the decrees so entered were irregular and void for certain reasons set forth, constitutes a collateral attack upon the decrees of a court of chancery which had jurisdiction of the subject matter and parties, which complainant cannot make, though he acquired title to the lands subsequent to the entry of the decrees.

2. SAME—DECREES—ENTRY—VACATION—VALIDITY.

Where court opened on the first day of the term, February 4th, and the petition of the auditor general to foreclose the State's lien for taxes on certain lands was presented on that day and taken under advisement, and on February 5th it was ordered that the petition be granted and that a decree be made for the sale of the lands, and court then adjourned until March 3d for filing objections to the petition, on which day, no objections having been filed, and the judge being absent, court was adjourned without day, and the decree recites that it was made March 3d, and it was actually filed March 7th, the decree is not void as being made in vacation, nor because no notice of its entry was given to the defendants.

Appeal from Oscoda; Connine, J. Submitted April 20, 1906. (Docket No. 105.) Decided July 3, 1906.

Bill by Frank Hoffman against the Flint Land Company, Limited, and Perry F. Powers, auditor general, to set aside the sale of land for taxes. From a decree dismissing the bill, complainant appeals. Affirmed.

*Cyrus A. Hovey*, for complainant.

*McFarlan & Wilson*, for defendants.

OSTRANDER, J.   The opinion of the circuit judge states briefly and clearly the case presented in the court below, and is here repeated:

" This is an original bill filed to set aside tax titles held by defendant for the years 1895, 1896, 1897, and 1899 on the S. W. ¼ of the S. E. ¼ of section 16, town 26 N. of range 2 E.

" Complainant is the owner of the original title. He claims in his bill that each and all of the tax titles, are void, sets up the reasons therefor, and asks that they be set aside.

" The defendant claims that its tax titles are valid.

" The sale for taxes of 1897 was made to the State in May, 1900.   The sale to the State for taxes of 1895, 1896, and 1899 was made in May, 1902.

" TAXES OF 1897.

" The first ground of invalidity, relied upon by the complainant as to this sale, is that the report of sale by the county treasurer was not filed and not kept filed.

" The proofs show that when the annual sales by the county treasurer were closed, the deputy treasurer made out and signed four copies of report of sale in regular form, took them all to the county clerk, and had him indorse the filing on them; filed one with the clerk, attached one to the tax record, and forwarded two to the auditor general. At the trial one copy of the report of sale was found attached to the tax record, and bore the clerk's indorsement of filing as of May 19, 1900.   No report of sale could be found in the files or in the clerk's office at the time of the trial, and there was no minute in the calendar of one ever having been filed.   A minute made by the clerk in a book called the " Chancery Record " showed that the report of sale was filed with the clerk on May 19, 1900.   The present clerk recalled that there was a report of sale once on file.

"I think it must be found from the proofs that a report of sale, regular in form, was seasonably made and filed with the county clerk, and that it has since been mislaid or lost. On this showing the sale cannot be held void. *Hoffman* v. *Pack, Woods & Co.*, 123 Mich. 74.

"It is next claimed that all the sales for all the years are void for irregularities in the decrees; that the decrees were made and entered in vacation, and not made and entered in compliance with the statute. 3 Comp. Laws, §§ 10264, 10265.

"The proofs show, as to the tax of 1897, that the day fixed for the hearing of the tax matter was February 6, 1900; that the court was in session on the 6th and 7th of February, 1900, and on the latter day adjourned sine die. The decree was made February 16, 1900, recites a session of court February 7, 1900, and was filed February 17, 1900.

"As to the taxes of 1895, 1896, and 1899, it appears that the day fixed for the hearing of the tax matter was February 4, 1902, and that court was in session on the 4th and 5th and on March 3, 1902. The clerk's journal shows the tax case submitted on February 5th and decree ordered; that adjournment was had to March 3d to enable landowners to file objections to taxes; no objections were filed; the decree was made March 7, 1902, and recites court in session March 3d. The court's records for 1900 were enrolled March 17, 1900, and those for 1902 were enrolled April 15, 1902.

"Does this render the decree void?

"The tax law (1 Comp. Laws, § 3890) provides that in these tax proceedings the court proceedings shall, when no other provision is made, follow the ordinary chancery practice.

"3 Comp. Laws, §§ 10264, 10265, provide that, in civil cases submitted to any circuit court in term time for decision, it shall be competent for the judge to transmit to the clerk or register, in vacation, his judgment, order, or decree in said cause; and that it shall be the duty of the clerk or register to enter in the proper record such judgment, order, or decree as of the last day of the preceding term, which judgment, order, or decree shall have the same force and effect as if rendered in term time. Notice of the entry of such judgment, order, or decree shall be given to the attorneys or parties by the clerk or register, and the time for appeal shall be computed from the time

the judgment, etc., is actually entered. 3 Comp. Laws, §§ 10264-10266.

" It is the practice, under this statute, for judges to sign, in vacation, decrees in cases submitted in term time, taken under advisement, and decided in vacation; and not only that, but to sign decrees in vacation, in cases that have been submitted and decided in open court, and perhaps where there has not been time after the decision to prepare a decree during the term.

" And I think this statute ought to be construed to authorize the signing of decrees in vacation, both in cases submitted in term and decided in vacation, and in cases decided during the term, but where no decree has been made until vacation. In other words to give the judge authority to sign decrees in vacation generally, and in all classes of cases.

" If this statute is held limited to cases that are submitted during term and decided in vacation, and held not to apply to the signing of decrees in vacation generally, it will destroy a convenient practice that has grown up under it, and run counter to the construction placed upon it by members of the bar in many important cases.

" It must not be forgotten that this is not a proceeding in the tax cases themselves, nor one where complainant claims to have lost the right of appeal, by reason of not having notice of the decree. He never appeared in the original tax proceedings, but his default was regularly taken therein. But this is a proceeding where complainant attacks the decrees collaterally on a technicality.

" For all that appears, he still has the statutory right to redeem from these tax sales.

" The publication of the original tax petitions, list of lands, and notice, gave the court jurisdiction, and, jurisdiction having once been acquired, it ought to be held to continue as against a technical objection to the decree, collaterally raised, such as this.

" The question being at most a doubtful one, it ought, in accordance with the best practice, to be solved in favor of the regularity and validity of the proceedings. The bill will be dismissed, with costs."

The appellant presents in this court two main propositions: (1) That the practice pursued by him is proper; (2) that there is no authority for the entry of a decree, in tax cases, in vacation—that the general chancery practice

governs, according to which notice of the entry of the decree, if made in vacation, must be given by the register in chancery to the parties, their attorneys, or solicitors. 3 Comp. Laws, §§ 10264, 10265. It is said that *Flint Land Co.* v. *Fochtman*, 140 Mich. 341, is authority for the practice pursued. That was the case of an owner of land (by virtue of tax titles, it is true) who filed a bill to quiet his title against a mortgagee, who refused to disclaim or to discharge the mortgage. On demurrer, the bill was dismissed; the claim of defendants being that upon the face of the bill, which set out the title of the complainant, the defendant's mortgage was not a cloud upon the title asserted—did not appear to be a hostile claim or assertion of a hostile interest.

In the case at bar, the bill of complaint avers ownership of the lands by complainant, that they were delinquent for the taxes of various years, that the lien of the State was attempted to be foreclosed and decrees were entered, that the decrees so entered were irregular and void for certain reasons set forth. The prayer is that the decrees be set aside, the complainant be permitted to pay the taxes to the county treasurer or auditor general, and the deeds of defendant be held to be a cloud upon the title of complainant and canceled. This is a very different case from that set out in the opinion cited. It is a collateral attack upon decrees of a court of chancery, which court had jurisdiction of the subject-matter and the parties. It is true the complainant acquired his title to the premises after the decrees were made. This fact does not permit complainant to so attack the decrees in question. The importance of the fact may not require attention, but it is a fact that in the deed of the premises to complainant the covenant of warranty excepts "delinquent taxes and tax titles and claims arising therefrom."

Were the decrees void? The fault found with the decree of 1902 is that it was made in vacation, and that no notice of the entry thereof was given to interested parties. It appears that court opened on February 4th (the first

day of the term), and that the petition of the auditor general · was presented and taken under advisement. On February 5th it was ordered that said petition be granted, and that decree be made for sale of said lands. Court then adjourned until March 3d for filing of further objections to said tax petition. Court opened March 3d, the circuit judge being absent, and the journal sets out an order to the effect that court having adjourned for the filing of further objections, and none having been filed, court is adjourned without day. The decree recites that it was made at the session of March 3d, and it was actually filed March 7th. The decree is not void. Upon its face, and in fact and in law, it is valid. The mere fact that the clerk did not enter it as of March 3d, the last day of the preceding term, does not make it a void decree; nor, if it is required in such cases, does the fact that notice of the entry of the decree was not given, or ordered to be given, render it void. If relief should be given to any one bound by the decree because of any irregularities in the entry thereof, or in failing to give notice, such relief must be sought by proceedings in the cause in which the decree was made.

It follows that the decree of the court below dismissing the bill must be affirmed, with costs to appellees.

CARPENTER, C. J., and McALVAY, MONTGOMERY, and MOORE, JJ., concurred.