HALL v. MILLER.

TAXATION—TAX SALES—DECREE—BILL OF REVIEW.
  Where complainant did not contest the right of the State to a decree for the sale of his land for taxes, and did not for nearly two years after actual notice that a decree had been granted and that his premises had been sold in pursuance thereof seek to set aside the sale, he cannot maintain a bill to review the decree and to restrain the prosecution of an action of ejectment, though he paid the taxes assessed for the year for which the sale was made and the sale was based on taxes of previous years which it is claimed were illegally reassessed.

Appeal from Berrien; Coolidge, J. Submitted October 15, 1907. (Docket No. 63.) Decided December 10, 1907.

Bill of review by Charles W. Hall against John A. Miller, Clarence J. Miller, and James B. Bradley, auditor general, to set aside a decree for the sale of certain land delinquent for taxes. Defendants Miller filed an

answer in the nature of a cross-bill to quiet title.  From a decree for complainant, defendants appeal.  Reversed, and decree entered for defendants.

*H. S. Whitney*, for complainant.

*Brown & Farley*, for defendants.

OSTRANDER, J.  Without leave of court and without notice to defendants (Chancery Rule 27, *Clark* v. *Huron Circuit Judge*, 40 Mich. 166), complainant on October 24, 1905, filed a bill of review, in which it is charged that pursuant to a decree of the circuit court for the county of Berrien, in chancery, made April 24, 1902, certain lands belonging to complainant, situated in said county, were sold for taxes assessed thereon in the year 1899, bid in by the State, and, later, sold by the State and deeded to the defendants Miller; that "at the time said property was sold for taxes there were no taxes due or assessed against said property that were not paid, and that the return of said lands as delinquent and the sale of said lands for taxes as set forth in said petition * * * so far as it affected the lands of your orator was an error and mistake."

It is charged, also, that defendants Miller, at a date not stated, recovered judgment in ejectment against complainant in the circuit court for the county of Berrien under claim of the title evidenced by their said tax deed. Without the averment of any further facts affecting said tax or defendants' title, the bill prays that the said decree may be reviewed and reversed and that defendants may be enjoined from further proceedings in reliance upon said tax deed or the judgment in ejectment.  On motion of the attorney general, the bill was dismissed as to the defendant the auditor general with leave to complainant to make further application.  Upon petition and notice, on March 27, 1906, an order was entered granting leave to file the bill of review.  This petition asserts no reason for granting leave.  The auditor general filed his answer in

which it is denied that complainant has in his bill set out facts entitling him to relief. The answer of defendants Miller, filed in November, 1905, alleges that the laches of complainant, the rules of court, and the provisions of section 70 of the general tax law, alike preclude the granting of relief. They asked, also, for affirmative relief. The cause came on to be heard on pleadings and proofs and a decree was entered granting the relief prayed for by complainant, setting aside the decree of 1902, the sale, and the tax deed. The tax deed is dated and acknowledged October 17, 1903. Under date October 29, 1903, complainant was notified, by mail, of the purchase by defendants, from the State, and replied that he had a receipt for the taxes for 1899, adding, "Your client probably has bought the State's tax for 1873–'74–'76 'reassessed.' The tax was on block 33, hence invalid as the court has passed on all these years." Other correspondence followed, in the course of which complainant wrote, "I am now acting under advice of my attorney unless you accept my offer of compromise."

On November 10, 1903, the notice provided for by section 141 of the general tax law was served on complainant, personally, by the sheriff, and proof of service made and filed with the register of the court. Thereafter the defendants Miller recovered, in ejectment, judgment for the land and that judgment is in force.

It appears that complainant paid the regular taxes for the year 1899 and obtained a receipt therefor, and did not pay certain taxes reassessed in that year for taxes of previous years. The jurisdiction of the court to render the decree which is attacked is not questioned. See *Rice* v. *Auditor General*, 30 Mich. 12; *Flint Land Co.* v. *Auditor General*, 133 Mich. 542, 545. It is a reasonable inference from all of the evidence that complainant in fact knew of the reassessment. He did not contest the right of the State to a decree and did not for nearly two years after actual notice that a decree had been granted and that his premises had been sold in pursuance thereof seek to set aside the sale.

The case is ruled by *Hayward* v. *O'Connor*, 145 Mich. 52, and we are required to reverse the decree below and enter a decree here dismissing the bill. See, also, *Shaaf* v. *O'Connor*, 146 Mich. 504. It is not contended in this court that if complainant is denied relief defendants should not be granted the relief prayed for in the cross-bill. A decree will be entered here quieting the title to the premises in defendants Miller. Neither party will recover costs.

McALVAY, C. J., and CARPENTER, HOOKER, and MOORE, JJ., concurred.