BLANCHARD *v.* YOUNG.

TAXATION—TAX SALES—DECREE—VALIDITY—ILLEGAL TAXES.

That included in the taxes for which petitioner's land was sold
was an item representing bonds, the proceeds of which had
been used to induce certain manufacturers to locate in the
city, did not deprive the chancery court of jurisdiction to
enter the decree for the sale, nor in any way affect the valid-
ity or binding force of that decree.

Appeal from Ottawa; Padgham, J. Submitted April
15, 1908. (Docket No. 77.) Decided May 1, 1908.

Petition by Lewis H. Blanchard against Catharine H.
Young and others for a writ of assistance. Defendant
Young filed a cross-petition for a rehearing, and to set
aside the sale of certain land for taxes. From an order
granting the writ and dismissing the cross-petition, de-
fendants appeal. Affirmed.

*Charles E. Soule,* for petitioner.

*Walter I. Lillie,* for defendants.

CARPENTER, J. In 1904 certain lands in the city of
Grand Haven belonging to Catharine H. Young were
sold in pursuance of a decree, regularly obtained, for the
taxes of 1901. The sale was made to one Edward S.
Craw. It was duly confirmed. The deed was regularly
issued, and Craw thereafter conveyed to petitioner
Blanchard. Blanchard served the notice required by sec-
tions 140, 141 of the tax law upon Mrs. Young. She
failed to redeem during the time given her by law for that
purpose. Thereafter Blanchard filed a petition for writ
of assistance. Mrs. Young filed an answer and cross-
petition, asking for a rehearing and a setting aside of the
sale, upon the ground that there was included in the gen-
eral city tax for the nonpayment of which the land was
sold the sum of $22,000 to pay bonds, the proceeds of

which had been used to induce a certain manufacturing company to locate in the city of Grand Haven. She insisted that this portion of the tax was illegal and void, and that, in consequence thereof, the court was without jurisdiction to make the decree for the sale of the land in question. The trial court granted the writ of assistance prayed for by Blanchard, and dismissed Mrs. Young's cross-petition. Subsequently a petition was filed on behalf of Mrs. Young praying relief upon the ground that she was a mentally incompetent person. The trial court withheld his decision of this petition until the disposition of this appeal.

The single question for our determination is that already indicated: Did the fact that an illegal item was included in the taxes for which the land was sold deprive the trial court of jurisdiction? The argument of counsel for Mrs. Young goes this far, and this far only, viz., that it is illegal to tax the inhabitants of a municipality to raise a bonus to induce manufacturers to locate therein. That argument is not helpful. It only proves that included in the taxes for which this land was sold was an illegal item. The question is not whether there was included an illegal item among those taxes, for that is conceded. The question is: Did the court have jurisdiction? The argument that the item was illegal proves, not that the court lacked jurisdiction, but that it improperly determined a question which it had jurisdiction to determine. It is clear to us that the court possessed ample jurisdiction to enter the decree. Neither the validity nor the binding force of that decree is affected by the circumstance that any question involved was erroneously determined.

The decision of the trial court was correct, and is affirmed. The order of affirmance will be entered without prejudice to the disposition of the question raised by the petition praying relief upon the ground that Mrs. Young is mentally incompetent.

GRANT, C. J., and BLAIR, MONTGOMERY, and MCALVAY, JJ., concurred.