## HARRINGTON v. DICKINSON.

1. TAXATION — TAX SALES — SETTING ASIDE ASSESSMENTS — PART PAYMENT OF TAX.
> A bill will not lie to set aside an assessment for the construction of a drain and to restrain the sale of land therefor, where it is conceded that the proceedings are regular and the assessment valid, but complainant alleges part payment and an agreement with the tax collector to offset the amount of a contract for the balance of the tax; since the contract was not performed, nor is there authority in law for the payment of taxes in installments.

2. SAME.
> Where there is a valid assessment and a decree for the sale of land for nonpayment, all questions, except that the taxes were paid, the property exempt, or the court was without jurisdiction, are foreclosed by the decree. *Rumsey* v. *Griffin*, 138 Mich. 413.

3. JUDGMENTS—DECREE PRO CONFESSO—COLLATERAL ATTACK.
> A pro confesso decree is as binding upon the parties thereto upon all questions involved in the suit as is a contested decree on the same questions; and where complainant did not appeal from a decree for the amount of the assessment, he cannot attack the decree collaterally.

4. EQUITY.
 A bill to set aside an assessment and to restrain a sale under a decree for delinquent taxes, because the amount to be earned by complainant under an uncompleted contract to build part of the improvement for which the assessment was made will cover his assessment, is without equity; since (*a*) he should have paid the assessment and collected the contract price when the work was completed; and (*b*) he does not give any reason for not appearing and contesting the former suit.

Appeal from Calhoun; North, J. Submitted October 14, 1908. (Docket No. 61.) Decided December 21, 1908.

Bill by James W. Harrington against Edward D. Dickinson, drain commissioner, Frank J. Dibble, county treasurer, and James B. Bradley, auditor general, to set aside an assessment for taxes, and to restrain a sale of certain land. From an order sustaining a demurrer to the bill, complainant appeals. Affirmed.

*Hatch & Page*, for complainant.

*John E. Bird*, Attorney General, and *L. E. Stewart*, Prosecuting Attorney (*Charles W. McGill* and *George L. Hauser*, of counsel), for defendants.

The bill of complaint alleges: That complainant is the owner of the lands described therein; that May 12, 1900, a petition was presented to the county drain commissioner to clean out, deepen, and widen a certain drain, describing it; that July 16, 1900, the commissioner made his order establishing the drain; that the commissioner subsequently obtained releases from all persons through whose lands the drain passed; that contracts for doing the work were duly made with various parties whose lands were subject to assessment for benefits; that complainant took a contract to do the work on one section of the drain; that his lands were assessed for benefits to the amount of $231; that complainant proceeded with the work under his contract, but had been prevented from completing it by the failure of the contractors below him to furnish a

sufficient outlet; that January 4, 1902, complainant paid the township treasurer $41 upon his special assessment, which was agreed to be payment in full of his tax other than the completion of his contract, which he was willing to complete; that the township treasurer returned his said tax as unpaid, and the lands were offered for sale under the petition of the auditor general; that complainant intervened in said proceeding, and the court entered a decree striking his lands from the list of lands offered for sale; that the board of supervisors of the county have never ordered a reassessment; that the defendant drain commissioner subsequently made a determination of a reassessment of said tax on his lands; that said reassessment was returned to the supervisor and spread upon the roll for the year 1904; that his contract is still in force, and he is willing to perform it; that, under the petition by the auditor general for the sale of delinquent lands for the year 1904, and previous years, a decree has been made for the sale of his lands for said tax; and that the treasurer will proceed to sell unless restrained by injunction. The bill prays that the original assessment be declared void and of no effect, that the attempted reassessment be declared null and void, and that the county treasurer be enjoined from selling his lands. To this bill the defendants interposed a demurrer, for the reasons:

(1) That the matters set forth in said bill were foreclosed by the decree rendered on the petition of the auditor general.

(2) That this decree cannot be attacked collaterally.

(3) That there is no equity in the bill.

The demurrer was sustained, and complainant has appealed.

GRANT, C. J. (*after stating the facts*). All the drain proceedings are conceded to be according to law. The assessment is valid. Complainant has not paid the taxes assessed. There is no authority of law for the alleged agreement between complainant and the tax collector to

offset the amount of his contract against the taxes levied. He had not then performed his contract. Neither is there any authority of law for paying taxes in installments. *Sayers* v. *O'Connor*, 124 Mich. 256.

Counsel for complainant concede that he has not brought his case within the two reasons for which alone decrees and sales in foreclosure tax proceedings can be set aside, viz., that the taxes were paid, or the land exempt from taxation. The only two objections they raise to the decree are: (1) That he should have had credit for the $41 paid, and (2) that the reassessment was not ordered by the board of supervisors. Both questions are foreclosed by the decree. *Rumsey* v. *Griffin*, 138 Mich. 413; *Smith* v. *Auditor General*, 138 Mich. 582; *Hall* v. *Mann*, 118 Mich. 201. Numerous decisions upon this question are cited in the above cases, and we need not re-cite them here.

The amount due is a proper subject for determination in the suit brought by the auditor general. The regularity of the assessment and reassessment is a proper subject for like determination. The circuit court in chancery had jurisdiction to determine both questions.

A pro confesso decree is as binding upon the parties thereto upon all questions involved in the suit as is a contested decree on the same questions. If the complainant had appeared in the suit by the auditor general, and made these defenses, and they had been decided against him, and he did not appeal therefrom to this court, he could not attack the decree collaterally.

The bill is without equity, for two reasons: (*a*) Complainant might have paid the taxes assessed, as it was his duty to do, and upon the completion of his contract he would have received the amount due thereon. (*b*) He gives no reason for not appearing and contesting that suit. He does not allege that he was not aware of its pendency. For aught that appears in his bill, he chose to let the decree in that case go against him by default and rely upon his right to maintain a separate bill in chancery to prevent a cloud upon his title.

The cases cited by the complainant under the former tax law, under which a landowner was afforded no day in court, do not apply to cases arising under the present law, affording ample remedy for the landowner to appear and make every defense he has to the validity of the taxes assessed against him.

The decree is affirmed, with costs.

BLAIR, HOOKER, MOORE, and McALVAY, JJ., concurred.