KLOTZ *v.* SLOAN.

1. TAXATION—EQUITY JURISDICTION—COLLATERAL ATTACK—JUDGMENTS.

The decree in chancery in tax proceedings authorizing a sale of lands for delinquent taxes may be attacked after confirmation because of the payment of the tax, exemption from taxation (3 Comp. Laws, § 3893), or for lack of jurisdiction to render the decree.

2. SAME—JURISDICTION—GROUNDS OF ATTACK.

Neither the fact that a tax is irregularly assessed or that the court reaches an erroneous conclusion concerning its validity impairs the jurisdiction to enter a decree, although failure to observe the statutory requirements for substituted service may constitute a jurisdictional defect.

3. SAME—RES JUDICATA.

    A chancery decree for the sale of lands for taxes assessed thereon may not be collaterally attacked for irregularity or invalidity of the tax.

4. SAME—COLLATERAL ATTACK—REMEDIES FOR ERRORS.

    A petition by a person who had no actual notice of proceedings for such decree, filed in the proceedings for the purpose of re-opening the decree, is the proper remedy for erroneous action of the court, not a separate bill in equity.

Appeal from Lenawee; O'Mealey, J. Submitted February 18, 1910. (Docket No. 67.) Decided March 19, 1910.

Bill by Effie A. Klotz against James Sloan, county drain commissioner, William Britton, county treasurer, and Oramel B. Fuller, auditor general, to enjoin the sale of land delinquent for taxes. From an order sustaining a demurrer to the bill, complainant appeals. Affirmed.

*Leland F. Bean* and *Smith, Baldwin & Alexander*, for complainant.

*Burton L. Hart*, Prosecuting Attorney, for defendants Sloan and Britton.

*John E. Bird*, Attorney General, and *J. Shurly Kennary*, Assistant Attorney General, for defendant Auditor General.

BROOKE, J. Complainant, who is the owner of a farm in Lenawee county, filed her bill of complaint on April 24, 1909, against the defendants, who are, respectively, drain commissioner and county treasurer of Lenawee county and auditor general of the State of Michigan, seeking to restrain them from selling her land for the purpose of collecting a certain drain tax, and praying to have said tax declared null and void, and not a charge upon her lands. She avers lack of knowledge or notice of the proceedings to institute the drain in question, and of all the

subsequent steps taken thereunder. Said proceedings were launched September 22, 1903. The drain has been constructed and a tax amounting to $428.43 levied against complainant's land. She shows that she learned on April 14, 1909, of the filing of the petition of the auditor general and of the fact that a decree had been entered thereon fixing the date of sale for May 4, 1909. To this bill of complaint defendants demurred, and complainant appeals from a decree sustaining the demurrer and dismissing the bill.

Three grounds of demurrer were advanced by defendants:

(1) That all matters alleged in the bill were foreclosed by the decree of the court March 15, 1909, on the petition of the auditor general.

(2) That the decree of the court decreeing a sale of the lands for a drain tax at the annual tax sale in May, 1909, cannot be attacked collaterally by bill in equity.

(3) That there is no equity in the bill.

Section 3893, 1 Comp. Laws, provides:

"No sale shall be set aside after confirmation, except in cases where the taxes were paid or the property was exempt from taxation."

This court has frequently held that, in addition to the two grounds named in the statute, there exists a third, viz., lack of jurisdiction to enter the decree. *Rumsey* v. *Griffin*, 138 Mich. 413 (101 N. W. 571); *Burns* v. *Ford*, 124 Mich. 274 (82 N. W. 885); *Berkey* v. *Burchard*, 119 Mich. 101 (77 N. W. 635, 79 N. W. 908); *Spaulding* v. *O'Connor*, 119 Mich. 45 (77 N. W. 323). The bill makes no claim that the taxes were paid or that the property levied upon was exempt.

Did the court have jurisdiction to enter the decree? 1 Comp. Laws, § 3889, requires a publication of a copy of the order and petition, and further provides:

"The publication of the order and petition aforesaid, shall be equivalent to a personal service of notice on all persons who are interested in the lands specified in such

petition, of the filing thereof, of all proceedings thereon and of the sale of the lands under the decree, and shall give the court jurisdiction to hear such petition, determine all questions arising thereon, and to decree a sale of such lands for the payment of all taxes, interest and charges thereon."

The bill contains no allegation that there was an omission to observe all the statutory requirements necessary to confer jurisdiction, but complainant claims that the court had no jurisdiction to enter the decree, because she believes and is advised that the proceedings to establish the drain were defective, and therefore void as to her lands. We think it must be said upon the authority of recent cases in this court that irregularity or infirmity in the proceedings constituting the authority for the levy of the tax does not affect the jurisdiction of the court to enter the decree. Such irregularities may properly be urged before the court possessing jurisdiction as a reason why a decree should not be entered, but neither that fact nor the fact that the court reaches an erroneous conclusion impairs the jurisdiction. *Blanchard* v. *Young*, 152 Mich. 619 (116 N. W. 189). A very full discussion of the question here involved will be found in *Peninsular Sav. Bank* v. *Ward*, 118 Mich. 87, 104 (76 N. W. 161, 79 N. W. 911), where Mr. Justice HOOKER, speaking for the court upon the rehearing, said:

"In the case before us the jurisdiction rests upon a statute, which confers upon the court the power of determining whether the State has a lien for taxes upon the land and enforcing payment by a decree of sale. It has undoubted jurisdiction in every case where there is an enforceable lien. In a sense it has no jurisdiction in a case where there is no existing lien which the State has a right to enforce. But manifestly the only way of finding out whether the State has such a lien is to try the question, and if, as is contended here, the question may be raised collaterally in any court or proceeding, it follows that these proceedings (in *pro confesso* cases at least) are decisive of nothing, for the same claim can be made as to

any or all parcels of land covered by the decree. The statute prescribes what the petition shall contain. * * * It alleges a lien and prays enforcement, thus impliedly informing defendants that it is claimed that they are subject to such proceedings. The judge decides that they are so when he includes them in the decree. We must presume that he has found the necessary facts. But there is a mistake of fact. The defendant has not chosen to bring the truth to his attention, or has inadvertently omitted it. But we must presume from the record that the necessary facts have been found, and the record cannot be contradicted; otherwise there would be a premium on not making a defense, for it would be safer."

The irregularities of the antecedent proceedings (if any) are foreclosed by the decree. *Muirhead* v. *Sands*, 111 Mich. 487 (69 N. W. 826); *Cole* v. *Shelp*, 98 Mich. 56 (56 N. W. 1052); *In re Wiley*, 89 Mich. 58 (50 N. W. 742). The question was re-examined in the case of *Ball* v. *Ridge Copper Co.*, 118 Mich. 7 (76 N. W. 130), and the ruling reaffirmed. See, also, *Hall* v. *Mann*, 118 Mich. 201 (76 N. W. 314).

This court has frequently held that a chancery decree entered in the proceedings instituted by the auditor general may not be attacked collaterally. To permit this practice would be to put in issue questions of fact which might, and should, have been determined in the original case. *Peninsular Sav. Bank* v. *Ward, supra; Wilkin* v. *Keith*, 121 Mich. 66 (79 N. W. 887); *Munroe* v. *Winegar*, 128 Mich. 309 (87 N. W. 396); *Tromble* v. *Hoffman*, 130 Mich. 676 (90 N. W. 694); *Hoffman* v. *Flint Land Co.*, 144 Mich. 564 (108 N. W. 356); *Shaaf* v. *O'Connor*, 146 Mich. 504 (109 N. W. 1061, 117 Am. St. Rep. 652); *Harrington* v. *Dickinson*, 155 Mich. 161 (118 N. W. 931). From the allegations contained in the bill, it is apparent that the complainant knew of the decree and its terms several days before the day fixed for the sale. A petition to the court in *that proceeding* based upon the showing made in her bill of complaint would have been proper, and the trial court might have been

moved thereby to reopen its decree, and hear and determine the matters alleged.

We are, however, of the opinion that complainant cannot maintain her independent suit, and that the decree dismissing her bill must be affirmed, with costs.

HOOKER, MOORE, McALVAY, and STONE, JJ., concurred.