**FULLER v. VANWAGONER, Governor of State of Michigan, et al.**

No. 3066.

District Court, E. D. Michigan, S. D.

Aug. 4, 1942.

[7] Assuming, of course, such defenses were not available against it prior to the institution of the suit.

E. Samuel Taylor, of Detroit, Mich., for plaintiff.

Herbert J. Rushton, Atty. Gen., and Peter E. Bradt, Asst. Atty. Gen., for defendant.

PICARD, District Judge.

Plaintiff brings action for damages resulting from state sale of two parcels of land at the 1938 tax sale and subsequently to defendant Cahill.

Charges are fraud, conspiracy, breach of official duty, violation of law, trespass and action under a void statute (the General Property Tax Law of the State of Michigan). Defendants are all sued as indicated above, most of them in their official capacity and none of the state officers was even in office when the alleged payment of the 1930 tax was made. Those, other than Clive T. Burden, are successors in the offices in which they are sued and none of them was in that particular office at the time of sale.

The facts are not in dispute.

On or about June 19, 1931, plaintiff issued a check to Clive T. Burden, Treasurer of Livingston County, Michigan in the sum of $145.20 for the 1930 state and county taxes on the lands involved and which taxes were due December 1, 1930. It is conceded for purpose of argument that payment of the $145.20 was made, accepted by the County but obviously the proper amount should have included a collection charge and interest from December 1, 1930 to June 19, 1931. The tax was therefore returned as unpaid.

Jennie M. Eastman, Livingston County Treasurer at the May tax sale of 1938, pursuant to decree of the Circuit Court for Livingston County, filed March 28, 1938, sold the properties to the State of Michigan. No question was raised concerning the regularity of the sale or the proceedings of the Circuit Court decreeing same made pursuant to petition of the Auditor General of Michigan under Act No. 206 P.A. 1893 as amended. Plaintiff knew of the sale; knew that said tax had been returned as unpaid for 1930; knew that the County Treasurer of Livingston County did not consider the tax as paid and on February 17, 1938, through her attorney, obtained a tax statement from the Treasurer of Livingston County which showed the 1930 tax to be unpaid.

On March 30, 1938, the same year, plaintiff's attorney, paid all past due taxes except for the year 1930. On May 25, 1938, plaintiff was again notified that the 1930 tax had never been paid and that the lands had been sold for those taxes.

Eighteen months after purchasing the properties the title of the State of Michigan became absolute and in February 1940 the lands were sold at the State Land Sale, commonly called the "scavenger sale" to defendant Joseph E. Cahill.

Several questions are involved. Insofar as the state officers are concerned this is really a suit against the State of Michigan, Fitts v. McGhee, 172 U.S. 516, 19 S.Ct. 269, 43 L.Ed. 535, and is barred by the 11th Amendment to the Constitution providing that a state cannot be sued in a federal court by a citizen of another state (State of New Hampshire v. Louisiana, 108 U.S. 76, 2 S.Ct. 176, 27 L.Ed. 656), unless the state officers have attempted to

enforce an unconstitutional law or administer a valid law wrongfully. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764. All of the state officers have acted in accordance with the provisions of Act No. 206, P.A.1893, as amended and are immune from suit in this court on the first exception above referred to.

Under Baker v. State Land Office Board, 294 Mich. 587, 293 N.W. 763, and Longyear v. Toolan, 209 U.S. 414, 28 S.Ct. 506, 52 L.Ed. 859, the law is not unconstitutional.

This leaves the second question—have defendants administered a valid law wrongfully? Every step was according to law. To begin with, the County Treasurer of Livingston County had no authority to accept $145.20 as full payment for the tax which in June 1935 was $155.36. Sayers v. O'Connor, 124 Mich. 256, 82 N.W. 1044, Harrington v. Dickinson, 155 Mich. 161, 118 N.W. 931.

The sale of the lands was based upon a judicial determination in an action to which plaintiff was a party. Of the said defendants, only defendant Eastman had any duties in connection with the premises prior to the making of the tax sale and she acted in accordance with the records in her office prior to the making of the decree and in accordance with the decree. She did not take office until 1936.

There is no evidence of any fraud, mis, mal, or non-feasance. A valid law, Longyear v. Toolan; Baker v. State Land Office Board, supra, was properly administered and therefore the facts do not bring this case among the exceptions by which any of the defendants could be held either as state officers or personally, or suit brought in this court. Ex parte Young, supra.

We find other reasons why plaintiff cannot recover, to-wit the general rule that a decree or judgment of a court of competent jurisdiction cannot be collaterally attacked even where the records show that the decree was an unjust one. Shaaf v. O'Connor, 146 Mich. 504, 109 N.W. 1061, 117 Am.St.Rep. 652; Hall v. Miller, 150 Mich. 300, 113 N.W. 1104.

It is also evident that all plaintiff had to do was to file objections to the sale as provided by Section 66 of Act 206 P. A.1893, as amended (Act 91 of the P.A. of 1937), and the Circuit Court of Livingston County would have determined whether or not plaintiff had paid her tax. Under Section 70 of Act 206 P.A.1893 (Act 325, P.A.1937) within one year she could have moved the state to set aside the sale providing the taxes were paid or the property was exempt from taxation. She did neither of these things. She could have instituted a suit to recover under Section 53 of Act 206, P.A.1893 (Act 54 of the P.A.1935). Instead of that she slept on her rights for three and one-half years and since.

Section 13976, C.L.1929, as amended by Act 193 of the P.A. 1937, provides that: "Actions to recover damages for injuries to person or property and actions for trespass upon lands shall be brought within three years from the time said actions accrue, and not afterwards;"

The Statute of Limitations is a further bar to plaintiff's action.

This matter having come up on a motion to dismiss, the motion is granted.